MATTER OF BENITEZ-SAENZ

In Deportation Proceedings

A-11377975

*Decided by Board December 22, 1967*

Respondent's departure from the United States under an order issued in deportation proceedings granting him voluntary departure but providing for his deportation if he failed to depart as required, was not a departure under an order of deportation but under a grant of voluntary departure; hence, such departure did not break the continuity of his residence for the purposes of section 249 of the Immigration and Nationality Act, as amended.

CHARGE:

ORDER: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT:
Arnulfo Guerra, Esquire
Roma, Texas

ON BEHALF OF SERVICE:
Bernabe Q. Maldonado
Trial Attorney
(Brief filed)

The special inquiry officer certified his order denying respondent's application for adjustment of status under section 249 of the Act. The facts are fully stated by the special inquiry officer. The issue presented is whether an alien who departed from the United States voluntarily after an order was issued in deportation proceedings giving him the privilege of departing voluntarily but providing for his deportation if he failed to depart as required, has broken the continuity of domestic residence required by section 249 of the Act.

The special inquiry officer found that respondent's timely departure on January 7, 1959 under an order issued in deportation proceedings giving him voluntary departure, but requiring his deportation if he did not depart as required was under an order of deportation and therefore broke the continuity of his residence.

The special inquiry officer is in error. Respondent's departure was not under an order of deportation; it was under a grant of voluntary departure. The order of deportation was conditioned upon the alien's failure to depart. The condition never came into being; therefore, the order of deportation never became effective.

In *Matter of Young*, Int. Dec. No. 1429, the Board held that an alien who departed voluntarily pursuant to an order of voluntary departure made in deportation proceedings had not broken the continuity of his residence in the United States for the purpose of section 249. The special inquiry officer sought to distinguish the instant case from *Young* by reliance on language there that Young had not left as "the result of exclusion or expulsion proceedings" (at p. 4) while in the instant case a deportation order was outstanding. The language in Young is general but a careful reading of the case shows that the deciding factor in the case was the absence of a departure which could be regarded as having executed an order and warrant of deportation. It is clear there was a deportation proceeding there and that it had brought about Young's departure.

The special inquiry officer believed that the provisions of 8 CFR 243.5 distinguish the instant case from *Young*; however, he does not explain his conclusion and we are puzzled by it since this regulation provides that an alien who departed when an order of deportation is outstanding shall be considered deported "except that an alien who departed before the expiration of the voluntary departure time granted in connection with an alternate order of deportation shall not be considered to have been so deported." The regulation does not require respondent to be considered as one who was deported; rather, it requires him to be considered as one who was not deported.

Under the law and regulations respondent was not deported; there is no reason to treat him as if he were. Deportation terminates residence in the United States. It prevents the deportee from obtaining a visa for return, unless he gets permission, and it makes his reentry a felony if he returns without permission. On the other hand, voluntary departure permits the return of a qualified alien to the United States for either temporary or permanent residence. There is no inconsistency in permitting an alien illegally in the United States to depart to obtain documents which will enable him to reenter legally for permanent residence, and considering him as retaining his domestic residence.

*Mrvica* v. *Esperdy*, 376 U.S. 560, does not apply because the alien there was deported. He "was not intended to be readmitted as a resident" (at p. 567). The Court refused to consider what the situation might have been "in the absence of a valid deportation" (at p. 567).

The trial attorney contends that respondent's departure under the order of voluntary departure was an abandonment of residence (even though he returned on the same day) because he could not have known when he would return since it would take an indefinite period to obtain the immigrant visa. We think the reasoning is strained. The record

shows respondent never intended to abandon his residence in the United States.

The special inquiry officer stated that if the respondent's residence was not broken by his departure on January 7, 1959 he was clearly eligible for relief. We agree with the special inquiry officer. Respondent has been in the United States since he was a small child, he is married to a legally resident alien, has two United States citizen children, and is highly regarded by his employer and neighbors. Respondent's application will be granted.

**ORDER:** It is ordered that the order of the special inquiry officer of September 7, 1967 be and the same is hereby withdrawn.

*It is further ordered* that respondent's application for lawful admission for permanent residence under section 249 of the Immigration Nationality Act be and the same is hereby granted.