Tim LOK, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 551, Docket 76–4204.

United States Court of Appeals,
Second Circuit.

Argued Dec. 7, 1976.

Decided Jan. 4, 1977.

Stanley H. Wallenstein, New York City (Schiano & Wallenstein, New York City, of counsel), for petitioner.

Robert S. Groban, Jr., Sp. Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., Southern District of New York, and Thomas H. Belote, Special Asst. U. S. Atty., New York City, of counsel), for respondent.

Before KAUFMAN, Chief Judge, and FRIENDLY and OAKES, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

■ We have had occasion to note the striking resemblance between some of the laws we are called upon to interpret and King Minos's labyrinth in ancient Crete. The Tax Laws and the Immigration and Nationality Acts are examples we have cited of Congress's ingenuity in passing statutes certain to accelerate the aging process of judges. In this instance, Congress, pursuant to its virtually unfettered power to exclude or deport natives of other countries, and apparently confident of the aphorism that human skill, properly applied, can resolve any enigma that human inventiveness can create, has enacted a baffling skein of provisions for the I.N.S. and courts to disentangle. The fate of the alien faced with imminent deportation often hinges upon narrow issues of statutory interpretation. The instant petition, which requires us to determine whether the petitioner is ineligible for the discretionary relief afforded by Section 212(c) of the Act, 8 U.S.C. § 1182(c), because he has not accumulated seven years of residence in this country since his admission to permanent resident alien status, is no exception. Emboldened by Thesean courage and fortified by a close examination of the statutory language, we believe that the Board of Immigration appeals erred in denying the petitioner relief on the ground that it did, and remand for consideration on a proper basis.

## I. FACTS

A brief recitation of the facts will aid consideration of the legal points at issue. Tim Lok is a native and citizen of China who initially arrived in this country as a crewman in 1959. Overstaying his allotted 29 days, 8 U.S.C. § 1282(a), the petitioner nevertheless avoided detection until 1965 when, after a hearing, he was ordered deported but granted the privilege of voluntary departure, 8 U.S.C. § 1252(g). The introduction in Congress of a succession of private bills on Lok's behalf stayed enforcement of the deportation order until March 3, 1969. Tim Lok's enforced departure was delayed still further when, on February 3, 1969, his American citizen wife of one year filed a petition with the Service to classify him as her "immediate relative" for immigration purposes, 8 U.S.C. § 1151(b). See Noel v. Chapman, 508 F.2d 1023, 1026 (2d Cir.), cert. denied, 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975). The petition was approved and the District Director forwarded it to Hong Kong where Tim Lok was required to apply for his immigrant visa so that he could secure lawful permanent residence in the United States, 8 U.S.C. § 1255. Lok, still in voluntary departure status, embarked for Hong Kong on October 25, 1971, which prompted the Service to issue a warrant of deportation and note in its files that he had effected his own departure, 8 U.S.C. § 1101(g). Special permission for reentry was granted on November 29, 8 U.S.C. § 1182(a)(17), and Tim Lok returned to the United States as a permanent resident on December 26, 1971.

■ Scarcely one year later the petitioner pleaded guilty to possessing, with intent to distribute, a Schedule I narcotic drug—heroin, 21 U.S.C. § 841(a)(1), and was sentenced to five years incarceration. The Service soon instituted deportation proceedings against him pursuant to 8 U.S.C. § 1251(a)(11), which authorizes deportation of aliens convicted of certain narcotics offenses. A hearing was held on April 21, 1975, after Lok's enlargement from prison. He conceded deportability but contended that he was eligible for discretionary waiv-

er of the ground for exclusion [1] under 8 U.S.C. § 1182(c). The Immigration Judge disagreed and ordered Lok deported to Taiwan. This decision was affirmed by the Board of Immigration Appeals, which dismissed Tim Lok's appeal because "[t]he seven year period of domicile [required by § 1182(c)] in the United States . . . must have followed the lawful admission for permanent residence. *Matter of S*, 5 I.N. Dec. 116(BIA 1953)." After an application for stay of deportation was denied by the I.N.S., this petition for review was filed, resulting in an automatic stay of deportation, 8 U.S.C. § 1105a(a)(3).

## II. DISCUSSION

 Deportation is a sanction which in severity surpasses all but the most Draconian criminal penalties. We note at once, therefore, the settled doctrine that deportation statutes, if ambiguous, must be construed in favor of the alien, *Lennon v. I.N.S.*, 527 F.2d 187, 193 (2d Cir. 1975). The recognition of this principle is especially pertinent in a case where the alien seeks to avoid deportation through the expedient of Section 212(c), which was enacted by Congress to provide the Attorney General the flexibility and discretion to permit worthy aliens to continue their relationships with family members in the United States despite a ground for exclusion, *Francis v. I.N.S.*, 532 F.2d 268, 272 (2d Cir. 1976). A close reading of the statute convinces us that Congress did not mean to deny consideration under this humane provision to aliens such as Tim Lok who have sunken deep roots into this land but have yet to enjoy permanent resident alien status for a full seven years.

The operative provision in the current Act reads in pertinent part as follows:

(c) Aliens lawfully admitted for permanent residence who temporarily proceed-

ed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section.

8 U.S.C. § 1182(c).

This section replaced the 7th Proviso to section 3 of the Immigration Act of 1917:

*Provided further*, [7] That aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe.

Act of Feb. 5, 1917, ch. 29, § 3, 39 Stat. 878.

The significant distinction between the two sections involves the limitation of relief in the 1952 Act to aliens "lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation" and the requirement that the domicile of seven consecutive years to which the alien is returning be "lawful."

The I.N.S. concedes that the bare wording of the statute does not require the alien to accumulate his seven years of domicile after he is admitted to the country on a permanent basis. Rather, the Service urges this result·on the basis of its twenty-three year old decision in *Matter of S, supra*, in which the section was construed to mean "that the alien must not only have been lawfully admitted for permanent residence but must have resided in this country for 7 consecutive years subsequent to such lawful admission for permanent residence; and that not only the admission must be lawful but that the period of residence must be lawful." *Id.* at 118. Under this view Tim Lok, who attained permanent resident sta-

---

1. While Section 212(c) relief literally is available only to excludable aliens who seek admission to the United States, this Court has extended its beneficial effects to eligible aliens who have not actually departed from this country after their initial entry, *Francis v. I.N.S*, 532 F.2d 268 (2d Cir. 1976), and the I.N.S. since 1956 has applied it to aliens who have already reentered, even if illegally, *Matter of G.A.*, 7 I&N Dec. 274 (1956).

tus in 1971, would be ineligible for waiver of exclusion.

We are fully aware of the deference that is customarily accorded the agency responsible for the administration of an Act, *see Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), but also recognize our heavy responsibility to set aside administrative decisions that are inconsistent with a statutory mandate or which frustrate the congressional policy underlying legislation, *see N.L.R.B. v. Brown,* 380 U.S. 278, 290–92, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965). In this instance, close scrutiny of both the language of Section 212(c) and the legislative history convinces us that the Board of Immigration Appeals was in error in 1953 in deciding *Matter of S* as it did.

 The Board's decision in *Matter of S* is based on an equation of the terms "lawfully admitted for permanent residence" and "lawful unrelinquished domicile" in Section 212(c). That this reasoning is untenable becomes clear from a more comprehensive view of the Act. The phrase "lawfully admitted for permanent residence" is a carefully defined term, 8 U.S.C. § 1101(a)(20),[2] and does not bear the same meaning as the words "lawful unrelinquished domicile." Moreover, as the Government admitted at argument, it is possible for aliens to possess a lawful domicile in this country without being admitted for permanent residence, *see, e. g.,* 8 U.S.C. § 1101(a)(15)(J) (student). If a student, for example, had resided here for three years, married an American citizen, obtained an appropriate visa for admission to permanent residence and then committed a deportable crime four years later, he certainly would have achieved a "lawful unrelinquished domicile of seven consecutive years." And the respondents have been unable to cite us to anything in the words of the statute that calls for different treatment of an individual in this status than

one who entered this country at the same time, but as a permanent resident.

Nor can the I.N.S. find refuge in the legislative history. The Board of Immigration Appeals in *Matter of S* set forth the entire extant explanation of congressional intent, which consisted of the following:

> The suggestion was made that if the words "established after a lawful entry for permanent residence" were inserted in the 7th proviso to qualify the domicile of the alien it would effectively eliminate practically all of the objectionable features, and at the same time the Attorney General would be left with sufficient discretionary authority to admit any lawfully resident aliens returning from a temporary visit abroad to a lawful domicile of 7 consecutive years.

> The subcommittee recommends that the proviso should be limited to aliens who have the status of lawful permanent residence who are returning to a lawful domicile of 7 consecutive years after a temporary absence abroad.

Senate Report No. 1515, 81st Cong., 2d Sess. 384 (1950).

> Under present law, in the case of an alien returning after a temporary absence to an unrelinquished United States domicile of 7 consecutive years, he may be admitted in the discretion of the Attorney General under such circumstances as the Attorney General may prescribe. Under existing law the Attorney General is thus empowered to waive the grounds of exclusion in the case of an alien returning under the specified circumstances even though the alien had never been lawfully admitted to the United States. The comparable discretionary authority invested in the Attorney General in section 212(c) of the bill is limited to cases where the alien had been previously admitted for lawful permanent residence and has proceeded abroad voluntarily and not under order of deportation.

---

2. The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.
8 U.S.C. § 1101(a)(20).

H.Rep.Report No. 1365, 82d Cong., 2d Sess. 51 (1952), U.S.Code Cong. & Admin.News 1952, pp. 1653, 1705.

Since it did not indicate any sound supporting reasons, we are baffled at the Board's conclusion that the paragraphs quoted above, when read with the "plain language" of the statute, lead inexorably to its decision to require the alien to accumulate seven years of lawful unrelinquished domicile after admission as a permanent resident.

We believe that the Senate and House Reports mandate a contrary result. It appears likely that initially Congress intended, unlike the conditions set forth in the Seventh Proviso to Section 3 of the 1917 Immigration Act, to limit discretionary relief to those otherwise eligible aliens who were permanent residents and had acquired seven years of lawful unrelinquished domicile. Beyond that all we can glean from the legislative history is the fact that the Senate Judiciary Committee considered a suggestion to limit discretionary waiver still further—in the manner urged upon us by the respondents—but that the proposal apparently was rejected. If Congress ultimately had determined that such constriction of the class of aliens entitled to the beneficial consideration available under 8 U.S.C. § 1182(c) was warranted, it could have expressed its intention explicitly, as it did on other occasions, see, e. g., 8 U.S.C. §§ 1427(a), 1430(a). The fact that the legislators did not so limit Section 212(c), coupled with the obvious purpose of the statute to mitigate the hardship that deportation poses for those with family ties in this country,[3] impel us to grant the petition.[4]

## III. REMAND

Accordingly, we will remand to the Board of Immigration Appeals for consideration of Tim Lok's application for discretionary waiver of exclusion unencumbered by the erroneous decision in *Matter of S.* Given the Government's apparent abandonment of its claim that Lok's 1971 sojourn to Hong Kong "under an order of deportation", 8 U.S.C. § 1101(g), made him ineligible for relief,[5] the only remaining objection would seem to be that his domicile prior to admission as a permanent resident was not "lawful." The petitioner has pressed a forceful argument that the Service's failure to enforce the 1965 order of deportation "legalized" his stay, *but cf. Chim Ming v. Marks,* 505 F.2d 1170 (2d Cir. 1974), *cert. denied,* 421 U.S. 911, 95 S.Ct. 1564, 43 L.Ed.2d 776 (1975). And, alternately, it has been urged that his marriage to an American citizen on February 23, 1968, which made him immediately eligible for admission as a permanent resident, should be considered the beginning of seven years of "lawful" domicile. These contentions are best left to initial determination by the Board of Immigration Appeals, *see N.L.R.B. v. Columbia University,* 541 F.2d 922, 930–32 (2d Cir. 1976).

The petition is granted and the case remanded to the Board for proceedings not inconsistent with this opinion.

---

3. Tim Lok is married to a naturalized American citizen and is responsible for the support of three of his wife's children, two of whom are also American citizens.

4. The dictum in *Guan Chow Tok v. I.N.S.,* 538 F.2d 36, 38 (2d Cir. 1976) ("Since, in the case at bar, neither of the petitioners has been a permanent resident of the United States for a period of seven years, the statute [8 U.S.C. § 1182(c)] is clearly inapplicable"), cited to us by the Government, is not to the contrary since neither of the petitioners in that case had accumulated seven years of residence in this country on any view of the case.

5. Since Tim Lok applied for discretionary waiver of exclusion in 1975 the regularity of his 1971 entry is not in issue. For the purpose of his current application he is treated as an alien who "proceeded abroad voluntarily and not under an order of deportation," *cf. Francis v. I.N.S.,* 532 F.2d 268 (2d Cir. 1976). Moreover, it is far from clear to us that the Service is compelled to consider an alien who leaves the country before his time for voluntary departure has expired "deported" under Section 101(g), 8 U.S.C. § 1101(g), *see Matter of Benitez-Saenz,* 12 I&N Dec. 593 (1967); 8 CFR 243.5 (1976). In any event, we leave it to the I.N.S. whether or not to pursue this contention before the Board.