MATTER OF LOK

In Deportation Proceedings

A–31327663

*Decided by Board January 13, 1978*

(1) A waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), may be granted in deportation proceedings in connection with an application for adjustment of status.

(2) When United States Court of Appeals for the Second Circuit overruled conclusion of the Board of Immigration Appeals that a respondent is statutorily ineligible for section 212(c) relief if he does not have a lawful unrelinquished domicile of seven consecutive years following a lawful admission for permanent residence, and held that it was possible for an alien to possess a "lawful domicile" without having been admitted for permanent residence, the Board remanded for an administrative determination whether respondent's "domicile" prior to his admission as a permanent resident was lawful. (But see *Matter of Anwo*, Interim Decision 2604 (BIA 1977), for cases arising outside Second Circuit.)

CHARGE:

Order: Act of 1952—Section 241(a)(11), I. & N. Act, [8 U.S.C. 1251(a)(11)]—Convicted of conspiracy for violation of narcotics laws; possession of narcotics with intent to distribute heroin. U.S. Code Title 21, sections 812, 841(a)(1), 841(b)(1)(A); Title 18, U.S. Code section 2

ON BEHALF OF RESPONDENT: Max K. Schlem, Esquire
223 Broadway
New York, New York 10007

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

In a decision dated May 29, 1975, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), denied his application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. 1182(c), and ordered his deportation. The respondent appealed from that decision. In our order dated July 30, 1976, *Matter of Lok*, Interim Decision 2509 (BIA 1976), we dismissed respondent's appeal. The respondent appealed our decision to the United States Court of Appeals for the Second Circuit. In a decision issued on January 4, 1977, *Lok v. INS*, 548 F.2d 37 (2 Cir. 1977), the United States Court of Appeals granted the respondent's petition for review and remanded the case to

this Board for proceedings not inconsistent with the opinion of the court. The record contains a letter dated May 31, 1977, and issued by the United States Attorney for the Southern District of New York to the District Director of the New York Office of the Immigration and Naturalization Service. In that letter, the District Director was informed that the Solicitor General refused to authorize the Service to petition the Supreme Court of the United States for a writ of certiorari; and that the decision of the Court of Appeals dated January 4, 1977, was the final decision in this case. The record will be remanded to the immigration judge.

In our initial decision, *Matter of Lok, supra*, we determined that the only issue raised on appeal involved respondent's application for a waiver of inadmissibility under section 212(c) [1] of the Act. We concluded that a waiver under this section may be granted in deportation proceedings in connection with an application for adjustment of status. *Matter of Smith*, 11 I. & N. Dec. 325 (BIA 1965). However, we also concluded that the seven-year period of domicile in the United States must have followed the respondent's lawful admission for permanent residence. *Matter of S—*, 5 I. & N. Dec. 116 (BIA 1953). We held that since the respondent was not admitted as a lawful permanent resident until 1971, he did not have the requisite seven years and therefore was statutorily ineligible for section 212(c) relief.

In *Lok v. INS, supra*, the Court of Appeals for the Second Circuit overruled our decision in the instant case and rejected our interpretation of the statutory phrase "lawful unrelinquished domicile" as set forth in *Matter of S—, supra*. The court expressed the opinion that the phrase "lawfully admitted for permanent residence" does not bear the same meaning as the words "lawful unrelinquished domicile." The court concluded that was in fact possible for an alien to possess a "lawful domicile" in the United States without having been admitted for permanent residence.[2] Accordingly, the court remanded this case to us for "... consideration of Tim Lok's application for discretionary waiver of exclusion unencumbered by the erroneous decision in *Matter of S—*." In so holding the court concluded that "... the only remaining objection would seem to be that his domicile prior to admission as a permanent resident was not lawful." In this regard the court was of the view that a

---

[1] Section 212(c) provides in pertinent part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and *who are returning to a lawful -unrelinquished domicile of seven consecutive years*, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a). (Emphasis supplied.)

[2] We note that we have declined to adopt the holding of the Court of Appeals for the Second Circuit in *Lok v. INS, supra*, in the cases arising outside of the Second Circuit. See *Matter of Anwo*, Interim Decision 2604 (BIA 1977).

determination must be made as to respondent's contentions that the Service's failure to enforce a 1965 order of deportation "legalized" his stay in the United States and, alternatively, that the respondent's marriage to a United States citizen on February 23, 1968, should be considered the beginning of seven years of "lawful" domicile.

In light of the aforementioned court decision, we shall remand this case to the immigration judge for appropriate action in accordance with the order of the court. The immigration judge shall enter a new decision and certify this case to us for review.

ORDER: The record is remanded to the immigration judge for the purpose of reopening the proceedings and for the entry of a new decision.

Board Member Mary P. Maguire abstained from consideration of this case.

443