MATTER OF NEWTON

In Deportation Proceedings

A-35130025

*Decided by Board October 5, 1979*

(1) The Board's position of some 26 years that a respondent must have 7 years or more of domicile in the United States *after* admission for lawful permanent residence to be eligible for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), is supported by the origins of the language in section 212(c) and the clear legislative intent in 1952 to restrict the scope of the predecessor to section 212(c) (the Seventh Proviso of section 3 of the 1917 Immigration Act).

(2) *Matter of Anwo*, 16 I&N Dec. 293 (BIA 1977), *aff'd on other grounds, Anwo v. INS*, 607 F.2d 435 (D.C. Cir. 1979), reaffirmed.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude within five years after entry and sentenced to confinement therefor

ON BEHALF OF RESPONDENT: Patricia M. Fron, Esquire
Legal Services of the
Virgin Islands, Inc.
No. 6 Company Street
St. Croix, U.S. Virgin Islands 00820

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated February 2, 1978, the immigration judge found the respondent deportable as charged, statutorily ineligible for relief under sections 212(c) and .244(e) of the Immigration and Nationality Act, 8 U.S.C. 1182(c) and 1254(e), and ordered his deportation to St. Kitts. The respondent appeals from the immigration judge's determination that he was ineligible for relief under section 212(c) of the Act. The appeal will be dismissed.

The respondent is a 26-year-old native of St. Kitts, West Indies, and citizen of the United Kingdom and Colonies. He first entered the United States in 1959 as a dependent of a temporary nonimmigrant ("H-2") worker admitted under the provisions of section 101(a)(15)(H)(ii) of the Act, 8 U.S.C. 1101(a)(15)(H)(ii). He remained in this country in that status until 1971 when he obtained employment

133

and became and "H-2" worker himself. He married a United States citizen in 1973 and through her obtained lawful permanent resident status at the time of an entry into this country on June 25, 1974.[1]

In January 1976, the respondent was convicted of grand larceny in the District Court of the Virgin Islands and was ultimately sentenced to confinement for a period of 3 years.[2] He remained in confinement from January 1976 until August 1977, when he was released on parole.

An Order to Show Cause was issued in April 1976 charging the respondent with being deportable under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), based on his conviction of a crime involving moral turpitude within 5 years of entry and his subsequent confinement for "one year or more. . . ." At deportation proceedings held in May and September 1977 and February 1978, the respondent conceded deportability, but applied for relief from deportation under section 212(c) of the Act. He urged the immigration judge to adopt the position of the United States Court of Appeals for the Second Circuit in Lok v. INS, 548 F.2d 37 (2 Cir. 1977), and find that the 7 years of "lawful unrelinquished domicile" required under section 212(c) did not of necessity have to follow an alien's admission for lawful permanent residence. He submitted that he had a "lawful domicile" in this country throughout the period that he resided in an "H-2" nonimmigrant status and that he should be found statutorily eligible for section 212(c) relief.

The immigration judge, however, concluded that the respondent was ineligible for section 212(c) relief based on his failure to satisfy that section's requirement of 7 years of "lawful domicile." He noted that this Board had consistently applied section 212(c) only to aliens domiciled in this country for 7 or more years after their lawful admission for permanent residence and had declined to follow Lok v. INS, supra, outside the jurisdiction of the Second Circuit. See Matter of Anwo, 16 I&N Dec. 293 (BIA 1977), aff'd on other grounds, Anwo v. INS, 607 F.2d 435 (D.C. Cir. 1979); Matter of S—, 5 I&N Dec. 116 (BIA 1953). As the respondent had not been lawfully admitted to the United States for permanent residence until June 1974, he was found not to have fulfilled the statutory prerequisites for relief under section 212(c). The respondent was also found to be statutorily ineligible for voluntary departure based on his conviction. See section 244(e) of the Act.

On appeal, the respondent, through counsel, submits that this Board should reconsider its decision in Matter of Anwo, supra, and apply Lok v. INS, supra, on a nationwide basis. Respondent argues that "based on

[1] The respondent was divorced from his wife in January 1977.

[2] The respondent and another man were charged with stealing currency, checks and food coupons totaling in excess of $21,000 from a supermarket. He was tried by jury and convicted as charged upon a plea of not guilty.

the Board's own reasoning in *Anwo,* [he] . . . can show the establishment of a lawful domicile during his nonimmigrant status which would warrant relief under section 212(c)."

The appeal will be dismissed. We decline to reconsider our decision in *Matter of Anwo* in which we set forth our rationale for refusing to recede from a statutory interpretation that has been consistently applied by the Board for some 26 years. We note that the Ninth Circuit has now endorsed the Board's position and has declined to follow *Lok* v. *INS. See Castillo-Felix* v. *INS,* 601 F.2d 459 (9 Cir. 1979). We will, however, add a further comment regarding our finding in *Anwo* that the legislative history of section 212(c) supported the Board's interpretation of that section in view of the Second Circuit's finding in *Lok* that a reading of the same legislative history mandated a contrary conclusion.

The Seventh Proviso of section 3 of the 1917 Immigration Act was the predecessor to section 212(c) of the 1952 Act. That proviso read:

> That aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Attorney General, and under such conditions as he may prescribe.

The proviso was apparently "intended to give discretionary power to the proper government official to grant relief to aliens who were reentering the United States after temporary absence, who came in the front door, were inspected, lawfully admitted, established homes here, and remained for seven years before they got into trouble."[3] Administrative decisions, however, extended the applicability of this proviso beyond this limited scope. For example, one aspect of the administrative interpretation allowed the relief under that proviso to be available even in cases where the alien's original entry into this country was illegal. This administrative expansion lead the Seventh Proviso to become "[o]ne of the most controversial provisions of section 3 of the 1917 act. . . ."[4]

In 1947, the Senate Judiciary Committee was directed to make a full and complete investigation of the entire immigration system. *See* Senate Resolution 137, 80th Cong., 1st Sess. (1947). The final report of that Committee, dated April 20, 1950, in part addressed the history of the Seventh Proviso and the various suggested revisions to that provision. *See* Senate Report No. 1515, 81st Cong., 2d Sess. 381-384 (1950).

The Committee report noted that it had been suggested that the proviso be abolished or that the procedures be eliminated which had allowed aliens to have the merits of a Seventh Proviso application reviewed prior to a departure from this country. This latter "preex-

---

[3] *See* Senate Report No. 1515, 81st Cong., 2d Sess. 382 (1950).
[4] *Id.* at 381.

amination" procedure, when combined with a Service promise to a foreign country to take the alien back into the United States without a visa, allowed otherwise inadmissible aliens a route of legal entry into this country if they could enter illegally and then maintain a domicile for a period of 7 years. The only other suggested revision noted in the Committee report was that:

> . . . if the words "established after a lawful entry for permanent residence" were inserted in the seventh proviso to qualify the domicile of the alien it would effectively eliminate practically all of the objectionable features, and at the same time the Attorney General would be left with sufficient discretionary authority to admit any lawfully resident aliens returning from a temporary visit abroad to a lawful domicile of seven consecutive years.[5]

It would appear that the phrase "returning . . . to a lawful domicile of seven consecutive years," as used in that sentence, was understood by the Judiciary Committee to mean returning to a lawful domicile of 7 years "established after a lawful entry for permanent residence" for it was stated that the inclusion of these latter words in the Seventh Proviso would leave the Attorney General the discretion to admit "any lawful resident aliens returning from a temporary visit abroad to a lawful domicile of seven consecutive years." Such would not have been the case if the phrase "returning . . . to a lawful domicile of seven consecutive years" had not been understood to refer only to those acquiring lawful domicile after entry for permanent residence.

The next sentence in the Committee report, under the heading "Recommendations on the Seventh Proviso," recommended that the proviso be limited to aliens who had the status of lawful permanent residents and who were "returning to a lawful domicile of seven consecutive years . . . ," the very words understood in the immediately preceding sentence to apply to aliens with 7 years of domicile *after* entry for lawful permanent residence. Language substantially identical to that used in this recommendation of the Senate Judiciary Committee was ultimately included in section 212(c).

Thus, we do not find, as did the court in *Lok v. INS, supra,* that the Judiciary Committee rejected the proposal to limit the discretionary relief in the manner now interpreted by the Board when it did not specifically recommend inclusion of the words "established after a lawful entry for permanent residence" to qualify the domicile requirement of the seventh proviso. We find the exclusion of these words is more persuasively explained by the Judiciary Committee's belief that the language in fact recommended adequately conveyed their intent that the 7 years of domicile follow an alien's admission for lawful permanent residence.

[5] *Id.* at 384.

We find that the origins of the language now in section 212(c), along with the clear legislative intent in 1952 to restrict the scope of the seventh proviso, support the conclusion that such relief was intended to be available only to aliens acquiring 7 years of domicile after their entry for permanent residence. Thus, we affirm our decisions of *Matter of S—, supra,* and *Matter of Anwo, supra.*

We held in *Anwo* that a respondent must have 7 years or more of domicile after admission for lawful permanent residence to be eligible for section 212(c) relief. This respondent cannot as yet satisfy this requirement. Accordingly, as we decline to reconsider our decision in *Anwo,* we need not address the issue of whether this respondent could satisfy the "lawful domicile" requirements of section 212(c) if *Lok v. INS, supra,* were controlling.

The appeal will, therefore, be dismissed.

ORDER: The appeal is dismissed.