943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Haydee McBRIDE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-9508.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Hayde McBride petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's decision finding her deportable and denying her request for a waiver pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Our jurisdiction arises pursuant to 8 U.S.C. § 1105a(a) and 28 U.S.C. c. 158.
 
 
 2
 Petitioner, a Venezuelan citizen, became a lawful permanent resident of the United States on December 18, 1985. After petitioner was convicted of a controlled substance offense in 1989, the Immigration and Naturalization Service initiated deportation proceedings against her. The subsequent ruling finding her deportable is not at issue. Instead, petitioner challenges the BIA's interpretation of the § 212(c) discretionary waiver. An alien is eligible for the waiver if she has been "lawfully admitted for permanent residence" and has since accumulated "lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c). The petitioner urges us to interpret the statute as allowing eligibility for any alien who has been lawfully admitted as a permanent resident and has accrued seven years of residency in any lawful status regardless of when the seven years accrued, before or after lawful permanent residency. See Tim Lok v. INS, 548 F.2d 37 (2d Cir.1977). The BIA interpretation, on the other hand, requires the seven years residency to accrue subsequent to the date of lawful permanent residency. This latter interpretation is in accordance with our holding in Michelson v. INS, 897 F.2d 465, 469 (10th Cir.1990) ("The seven year period runs from the time the alien is admitted to permanent residence status.") (citing Avila-Murrieta v. INS, 762 F.2d 733, 734 (9th Cir.1985). Defendant has not complied with the seven-year requirement and has not distinguished this case from our holding in Michelson. Accordingly, the petition is DENIED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3