**Luis Felipe MERCEDES–PICHARDO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0147–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2008.

**50**

Jorge Guttlein, New York, N.Y., for Appellant.

R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, (Gregory G. Katsas, Assistant Attorney General, and Michelle G. LaTour, Assistant Director, on the brief), Washington, D.C., for Appellant.

Present: JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Luis Felipe Mercedes–Pichardo seeks review of an October 15, 2007, 2007 WL 4182279, order and decision of the BIA denying petitioner's motion to reopen. The issue presented by this petition for review is whether the BIA erred in holding that petitioner's motion to reopen was time-barred. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Petitioner concedes that he was removable due to his 1989 New York state court conviction for attempted criminal sale of a controlled substance in the third degree. We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review final orders of removal against aliens deemed removable because of prior specified criminal convictions. *See Khan v. Gonzales,* 495 F.3d 31, 34 (2d Cir.2007). Our lack of jurisdiction is "subject to the exception set forth in 8 U.S.C. § 1252(a)(2)(D), which restores our jurisdiction to review 'constitutional claims or questions of law.'" *Id.*

Petitioner argues that the BIA erred in failing to consider his application for relief under the former Section 212(c), 8 U.S.C. § 1182(c) (repealed 1996). The BIA concluded that his motion to reopen its June 20, 2006, 2006 WL 2183531, decision to raise this argument was time barred. This Court reviews the BIA's conclusions of law de novo, but where the Board has applied the correct law, its decision to deny reopening is reviewed for abuse of discretion. *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000).

With some exceptions not relevant here, a motion to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). The final administrative order of removal against Mercedes–Pichardo was issued on June 20, 2006. Mercedes–Pichardo's July 30, 2007 motion to reopen was therefore untimely by thirteen months.

■ Mercedes–Pichardo argues that the time for him to file his motion to re-open was tolled while his appeal of the BIA's June 20, 2006 decision was pending before this Court from July 17, 2007 to June 26, 2008. That appeal was denied due to Mercedes–Pichardo's failure to exhaust administrative remedies. Under *Zhao Quan Chen v. Gonzales,* the pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA. 492 F.3d 153, 155 (2d Cir.2007). As in *Zhao Quan Chen,* petitioner provides "no explanation as to why his pending petition for review impaired his ability to file a motion to reopen." *Id.*

■ Mercedes–Pichardo also argues for equitable tolling based on ineffective assistance of counsel. He argues that his prior counsel was ineffective for failing to

cite the case *Lok v. INS*, 548 F.2d 37 (2d Cir.1977), which held that, to be eligible for relief under the former Section 212(c), a petitioner need not be domiciled for seven years after acquiring lawful permanent resident status. We find that the BIA correctly determined that *Lok* had no bearing on the dispositive issue in petitioner's case—whether he had properly acquired lawful permanent resident status in the first place. Petitioner also argues that his former counsel failed to adequately assert his request for relief under Section 212(c). But at least two infirmities bar this claim—petitioner's failure to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (1988) and his lack of due diligence in seeking to reopen. In any event, Mercedes–Pichardo failed to demonstrate prejudice from these alleged errors, and certainly not prejudice that would justify his delay in filing a motion to reopen.

We therefore DENY the petition for review. The pending motion for a stay of deportation is DISMISSED as moot.