SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Petitioner Kin Long Ko petitions for review of two decisions of the Board of Immigration Appeals (“BIA”). The first is a January 2, 2008 decision in which the BIA dismissed Ko’s appeal of an August 1, 2005 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying Ko’s motion for a waiver of inadmissibility under former section 212(c) of the INA, 8 U.S.C. § 1182(c). The second is an April 22, 2008 decision in which the BIA denied Ko’s motion to reconsider that decision and reopen his proceedings. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
A. The January 2, 2008 Decision
Although Ko entered deportation proceedings in 1993, the BIA did not issue its decision until 2008. Our review of his petition therefore is governed by 8 U.S.C. § 1252. See Nethagani v. Mukasey, 532 F.3d 150, 153 (2d Cir.2008). We defer to the BIA’s findings of fact as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). We review questions of law de novo. Iouri v. Ashcroft, 487 F.3d 76, 83 (2d Cir.2007).
Ko’s first application for section 212(c) relief was denied by IJ John Bryant on September 25, 1995. Ko contends that he is eligible for section 212(c) relief nunc pro tunc because he had been incarcerated for fewer than five years for aggravated felonies at the time that IJ Bryant denied that application. We have held, however, that nunc pro tunc relief is available only where petitioners “demonstrate that they were erroneously denied the opportunity to apply for § 212(c) relief, and that, but for nunc pro tunc relief, this denial would be irremediable.” Edwards v. INS, 393 F.3d 299, 312 (2d Cir.2004). Ko argues that IJ Bryant erroneously denied his section 212(c) application in 1995 because he should have applied this Court’s decision in Lok v. INS, 548 F.2d 37 (2d Cir.1977), when calculating the length of Ko’s lawful unrelinquished domicile. But even assuming that (1) Ko’s reading of Lok is correct, and (2) IJ Bryant was bound by Lok’s holding, the only evidence as to when Ko attained “lawful” status indicated that he did so on November 2, 1989, the date on which he was granted temporary residency. We therefore agree with the BIA that Ko had not accrued the requisite seven years of lawful unrelinquished domicile on September 25, 1995, even under his own approach. Thus, IJ Bryant did not erroneously deny Ko’s section 212(c) application, and consequently Ko is ineligible for nunc pro tunc relief. See Edwards, 393 F.3d at 311 n. 15.
B. The April 22, 2008 Decision
We review the BIA’s denial of a motion to reopen and of a motion to reconsider for *431 abuse of discretion. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 168-69, 174 (2d Cir.2008).
The BIA plainly articulated its reasons for denying each of Ko’s motions. It denied Ko’s motion to reconsider on the ground that the legal authority cited in support of the motion, Yesil v. Reno, 958 F.Supp. 828 (S.D.N.Y.1997), could have been raised much earlier in the proceedings. See In re O-S-G, 24 I. & N. Dec. 56, 57 (B.I.A.2006) (“A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.”). It denied Ko’s motion to reopen on the ground that Ko failed to explain why the INS receipt was not available and could not have been discovered or presented earlier in the proceedings. See 8 C.F.R. § 1003.2(c)(1) (“A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. ...”). We see no abuse of discretion in either of these decisions.
We have considered Ko’s arguments and find them to be without merit. Accordingly, the petition for review is hereby DENIED.