09-2243-ag
Mercedes-Pichardo v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of April, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
RICHARD C. WESLEY,
    *Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUIS FELIPE MERCEDES-PICHARDO,

    *Petitioner,*

    v.                        No. 09-2243-ag

ERIC H. HOLDER, JR., United States Attorney General,

    *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**           ANDREW L. FRIEDMAN, New York, NY.

**FOR RESPONDENT:**           RUSSELL J.E. VERBY, Senior Litigation Counsel, Office of Immigration Litigation (Tony West, Assistant Attorney General, Shelley R. Goad,

---

* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

Assistant Director, Office of Immigration Litigation, *on the brief*), Civil Division, U.S. Department of Justice, Washington, DC.

**UPON CONSIDERATION** of the petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Luis Felipe Mercedes-Pichardo ("petitioner" or "Mercedes-Pichardo"), a native and citizen of the Dominican Republic, seeks review of an April 28, 2009 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. Petitioner argues, as he did before the BIA, that he is entitled to reopening based on the ineffective assistance of his prior attorneys. Specifically, he argues that both of his prior attorneys were ineffective for (1) not seeking to terminate his removal proceedings and (2) not arguing that petitioner is eligible for relief pursuant to the former § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1994). We assume the parties' familiarity with the factual and procedural history of the case.

An alien claiming ineffective assistance of counsel must "establish that 'counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing.'" *Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)). A deprivation of fundamental fairness requires a showing "1) that competent counsel would have acted otherwise, and 2) that [petitioner] was prejudiced by his counsel's performance." *Rabiu v. I.N.S.*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted). To show prejudice arising from the failure to pursue § 212(c) relief, a petitioner "must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Id.*

We conclude that petitioner's attorneys were ineffective for failing to adequately pursue § 212(c) relief. We address the question of prejudice first, and then explain why competent counsel would have acted otherwise.

The former § 212(c), which was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546,[2] granted the Attorney General the discretionary authority to waive grounds for deportation for certain aliens. *See*

---

[2] Despite the repeal of § 212(c), the Supreme Court has held that aliens who are deportable based on a guilty plea entered prior to the IIRIRA's enactment—such as Mercedes-Pichardo—are permitted to pursue this form of relief. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding that denying such aliens the opportunity to pursue § 212(c) relief would give the IIRIRA an impermissible retroactive effect).

8 U.S.C. § 1182(c) (1994).[3] To be eligible for relief under that subsection, an alien was required to be a "lawfully admitted" permanent resident who had maintained a "lawful unrelinquished domicile" in the United States for seven consecutive years. *See id.* Throughout his removal proceedings, petitioner was repeatedly denied the opportunity to pursue § 212(c) relief based on the assumption that he was ineligible for such relief. *See, e.g.*, *In re Mercedes-Pichardo*, A91-366-450 (Immig. Ct. N.Y. City Nov. 2, 2004) (noting that petitioner's "conviction renders him inadmissible and therefore ineligible for any relief," including § 212(c) relief). We disagree.

Petitioner became a lawful temporary resident on September 9, 1988, pursuant to the unique provisions of the Special Agricultural Workers ("SAW") program, 8 U.S.C. § 1160(a)(1).[4] On July

---

[3] The full provision read as follows:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994). Although, by its plain language, this subsection applied only to returning aliens facing exclusion, we held some time ago that equal protection requires that this relief be made available to deportable aliens who never left the United States. *See Francis v. I.N.S.*, 532 F.2d 268 (2d Cir. 1976).

[4] This subsection provides as follows:

The Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the Attorney General determines that the alien meets the following requirements:

(A) Application period

The alien must apply for such adjustment during the 18-month period beginning on the first day of the seventh month that begins after November 6, 1986.

(B) Performance of seasonal agricultural services and residence in the United States

The alien must establish that he has--

(i) resided in the United States, and

(ii) performed seasonal agricultural services in the United States for at least 90 man-days, during the 12-month period ending on May 1, 1986. For purposes of the previous sentence, performance of seasonal agricultural services in the United States for more than one employer on any one day shall be counted as performance of services for only 1 man-day.

(C) Admissible as immigrant

25, 1989, he pleaded guilty to the attempted sale of a controlled substance. That conviction rendered petitioner deportable, and would have permitted the Attorney General to terminate petitioner's temporary resident status. *See* 8 U.S.C. § 1160(a)(3)(A) ("During the period of temporary resident status granted an alien under paragraph (1), the Attorney General may terminate such status only upon a determination under this chapter that the alien is deportable."). The Attorney General also could have denied petitioner an adjustment to permanent resident status based on that conviction. *See* 8 U.S.C. § 1160(a)(3)(B)(ii) (providing that "[b]efore any alien becomes eligible for adjustment of status under paragraph (2), the Attorney General *may* deny adjustment of status and provide for termination of the temporary resident status granted such alien" if the alien commits an act that makes him inadmissible or is convicted of a felony (emphasis added)). But the Attorney General did neither of those things, and that failure to act resulted in petitioner's status automatically adjusting to that of permanent resident on December 1, 1990 by operation of 8 U.S.C. § 1160(a)(2). Thus, at the time his removal proceedings began, petitioner was a lawful permanent resident who had maintained a lawful domicile in the United States for at least seven years. He has therefore demonstrated his prima facie eligibility for § 212(c) relief.

Although the government argued throughout the proceedings below that petitioner was somehow ineligible for § 212(c) relief, it advances no grounds for ineligibility before us. In its opening brief, the government explained that "[w]hile the parties could debate back and forth as to exactly why prior counsel, the Service, the immigration judge, and Board all at one point or another mistakenly or correctly labeled Mercedes as ineligible, such a discussion is actually unnecessary." Respondent's Br. 32. That is because, according to the government, petitioner was ineligible for § 212(c) relief based on a new theory not advanced below or relied on by the agency in any of its decisions. *Id.* at 32-35. In a letter to the Court dated March 22, 2010, the government explained that "[a]fter receiving the Petitioner's Reply Brief, and upon further review," it was no longer advancing this argument of ineligibility. Thus, at present, the government has advanced no ground for petitioner's ineligibility, nor has it offered an explanation for how the IJ and BIA could properly have found petitioner ineligible.

In addition to eligibility, we are satisfied that petitioner has made a "strong showing in support of his application." *Rabiu*, 41 F.3d at 882. Although, petitioner's conviction weighs against his desirability as a resident of this country, his familial ties in the United States and the duration of his residency without any further criminal infractions weigh in his favor. *See id.* Because petitioner has made a prima facie showing that he was eligible for § 212(c) relief and a showing that he was a

---

The alien must establish that he is admissible to the United States as an immigrant, except as otherwise provided under subsection (c)(2) of this section.

8 U.S.C. § 1160(a)(1).

strong candidate for such relief, he has demonstrated that *if* competent counsel would have acted otherwise, he would have been entitled to reopening based on ineffective assistance of counsel.

We conclude that competent counsel would have acted differently than petitioner's attorneys.  In light of the fact that petitioner was eligible for § 212(c) relief under the plain language of that subsection and the provisions of the SAW, no competent counsel would have conceded his ineligibility.  Yet petitioner's first attorney, Patricia Cardoso, did precisely that.  Although she argued that petitioner should have been permitted to pursue § 212(c) relief, she did so under a theory of estoppel—implicitly conceding that Mercedes-Pichardo would ordinarily have been ineligible for § 212(c) relief.  Even more troubling is her explicit admission before the IJ that "[t]here is no question that [Mercedes-Pichardo] was not eligible for [permanent resident status] as a result of his prior criminal conviction."  J.A. 441.  There was no basis for that concession.  Nothing in the SAW provisions or controlling case law precluded aliens such as Mercedes-Pichardo from obtaining permanent resident status.  *See generally* 8 U.S.C. § 1160.  And as a permanent resident, he would have been eligible for § 212(c) relief.  *See* 8 U.S.C. § 1182(c).

In our view, competent counsel would have pursued § 212(c) relief on the grounds that Mercedes-Pichardo *was eligible* for such relief, not on the theory that the government was somehow estopped from arguing the contrary.  Although we agree with the BIA that Cardoso cannot be faulted for failing to cite a Ninth Circuit case decided after the BIA's 2006 dismissal of petitioner's appeal, *see Perez-Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir. 2006) (*en banc*), petitioner's eligibility for § 212(c) relief was evident from the plain language of the statute and the provisions of the SAW.  Moreover, no plausible strategic benefit could have been gained by conceding that issue.  We therefore have little trouble concluding that competent counsel would have *at least argued* that Mercedes-Pichardo was eligible for § 212(c) relief.

We also conclude Cardoso's mistakes were not corrected or rendered harmless by petitioner's second attorney, Jorge Guttlein.  Had Guttlein properly raised Cardoso's ineffectiveness, petitioner would have arguably suffered no prejudice.  Guttlein, however, failed to remedy the prejudicial effect of Cardoso's errors by committing a number of errors on his own.  Most importantly, Guttlein argued only that Cardoso had been ineffective in failing to cite *Lok v. I.N.S.*, 548 F.2d 37 (2d Cir. 1977), which held that seven years of unrelinquished domicile is measured from the date on which an alien obtains temporary resident status, not permanent resident status.  As the BIA explained, however, "there was no issue below as to [Mercedes-Pichardo's] accrual of the required 7 years of lawful residence.  Rather, at issue below was [Mercedes-Pichardo's] . . . *eligibility* for the waiver."  *In re Mercedes-Pichardo*, A91-366-450, 2007 WL 4182279 (B.I.A. Oct. 15, 2007) (emphasis added).  Because Guttlein failed to argue that petitioner was eligible for § 212(c) relief notwithstanding his conviction, he failed to remedy the prejudicial effect of Cardoso's errors.

5

**CONCLUSION**

For the foregoing reasons we hold that petitioner's attorneys were ineffective in their pursuit of § 212(c) relief. We find petitioner's remaining claims of ineffective assistance to be without merit. Accordingly, the petition for review is **GRANTED** and the BIA's April 28, 2008 decision denying petitioner's motion to reopen is **VACATED**. We **REMAND** the cause only for consideration of whether petitioner is entitled to relief under the former § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court