Brempong v. Holder

BIA
Straus, IJ
A041 586 151

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

PRESENT:
       JON O. NEWMAN,
       JOSÉ A. CABRANES,
       PETER W. HALL,
          *Circuit Judges.*

_____

ALBERT ADU BREMPONG,
       *Petitioner,*

      v.                      12-4337
                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      Justin Conlon, North Haven, Connecticut.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Albert Adu Brempong, a native and citizen of Ghana, seeks review of a September 27, 2012, decision of the BIA affirming the May 10, 2011, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for deferral of removal under the Convention Against Torture ("CAT"), and denying remand for consideration of a request for relief under former section 212(c) of the Immigration and Nationality Act ("INA"). *In re Albert Adu Brempong*, No. A041 586 151 (B.I.A. Sept. 27, 2012), *aff'g* No. A041 586 151 (Immig. Ct. N.Y. City May 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Brempong challenges only the denial of his motion to remand to apply for relief under former INA § 212(c). Although our jurisdiction to review the agency's order is limited to constitutional claims and questions of law by reason of the fact that Brempong was found deportable based on a conviction for an aggravated felony and controlled substance offense, *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B); 1252(a)(2)(C), (D), Brempong raises a question of law as to his eligibility for § 212(c) relief, *see Sepulveda v. Gonzales,* 407 F.3d 59, 62-63 (2d Cir. 2005). However, the BIA did not abuse its discretion by denying remand as Brempong failed to establish his *prima facie* eligibility for § 212(c) relief. *See INS v. Abudu*, 485 U.S. 94, 104-05, 110 (1988); *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476-77 (2d Cir. 2007) (per curiam) (noting that an abuse of discretion may be found if the BIA "has misunderstood or misapplied the governing law.").

To establish eligibility for a waiver under former § 212(c), a lawful permanent resident ("LPR") must demonstrate that he has maintained a "lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c) (1994). The length of time of the domicile may accrue under any lawful status so long as the alien eventually obtains

2

LPR status and maintains that status when applying for § 212(c) relief. *See Lok v. INS*, 548 F.2d 37, 40 (2d Cir. 1977) ("*Lok I*"). Accrual terminates, at the latest, when the BIA finalizes a removal order. *Lok v. INS*, 681 F.2d 107, 110 (2d Cir. 1982) ("*Lok II*"); *see also Vargas v. INS*, 938 F.2d 358, 361 (2d Cir. 1991) (highlighting *Lok II*'s holding).

It is undisputed that Brempong was ineligible for a § 212(c) waiver at the time of his initial hearing as he had accrued only six years of unrelinquished domicile when his accrual terminated upon entry of his deportation order. *See Lok II*, 681 F.2d at 110. Brempong advances several arguments asserting he has become eligible for a § 212(c) waiver based on accrual of time after the BIA reopened his proceedings in 2010, all of which lack merit.

Primarily, he argues that the BIA's reopening of proceedings to allow him to apply for deferral of removal under the CAT effectively vacated his deportation order, reinstated his LPR status, and recommenced his accrual of time to meet the § 212(c) domicile requirement. The plain language of the statute, however, contradicts this assertion as it requires the seven years of domicile to be consecutive and domicile to be unrelinquished. *See* 8 U.S.C. § 1182(c) (1994). Here, the years of domicile are not consecutive but separated by a gulf of sixteen years between Brempong's 1994 deportation order and the 2010 reopening of proceedings. Additionally, Brempong relinquished his domicile when he was found deportable, and he does not challenge, and did not challenge below, the agency's finding that he was deportable based on his conviction. *See Dobrova v. Holder*, 607 F.3d 297, 302 (2d Cir. 2010) (noting that LPR status terminates when, on appeal, the BIA makes final an order of deportation); *Lok I*, 548 F.2d at 40 (holding that domicile for purposes of § 212(c) relief can only be established while under lawful status).

Further, in interpreting legislative intent regarding the domicile requirements, we have previously held that an alien may not tack additional time onto a prior period of domicile after he is ordered deported. *See Lok II*, 681 F.2d at 110. The only exception to this rule is when the finding of deportability that vitiated the alien's lawful status is

3

reversed by a court or by the agency through reopening or reconsideration. *Matter of Lok*, 18 I. & N. Dec. 101, 105-06 (BIA 1981). That exception is not applicable here and Brempong does not challenge the finding that he is deportable. The BIA did not err, therefore, in finding that Brempong did not fulfill the domicile requirement under § 212(c) and did not abuse its discretion in denying remand.

Brempong also argues that despite his failure to challenge directly the finding that he was deportable, reopening always undermines such a finding. While the BIA did not explicitly preclude consideration on remand of any relief other than deferral under the CAT, *see Arias Chupina v. Holder*, 570 F.3d 99, 103-05 (2d Cir. 2009), the IJ did not have the authority to re-adjudicate whether Brempong was deportable absent new evidence calling into question the conviction underlying that finding, *see Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978) (permitting review of new evidence on remand). Moreover, the potential that Brempong would be granted relief from removal under the CAT did not affect his deportability or his ability to accrue further time towards the domicile requirement, because deferral of removal does not confer any lawful immigration status. *See* 8 U.S.C. § 1182(c) (1994); 8 C.F.R. § 1208.17(b). Thus, because the 1994 deportation order was unaffected by the reopening and proceedings examining CAT relief, Brempong remained without a lawful status to establish lawful domicile in the United States and lacked LPR status to apply for § 212(c) relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk