862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Errol A. KELLY, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-2510.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1988.
Decided: Nov. 18, 1988.
 
 Curtis L. Solomon, for appellant.
 John R. Bolton, Assistant Attorney General, Robert Kendall, Jr., Eileen A. Carty (United States Department of Justice), for appellee.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Errol A. Kelly is a native and citizen of Jamaica who originally entered the United States as an immigrant on March 4, 1980. He last entered the United States as a returning resident alien on September 7, 1983.
 
 
 2
 On October 22, 1984, Kelly pleaded guilty to possession of a controlled substance, i.e., marijuana, in sufficient quantity to indicate an intent to distribute.
 
 
 3
 On March 10, 1986, the Immigration and Naturalization Service (INS) began deportation proceedings against Kelly through the issuance of an Order to Show Cause charging him with deportability under section 241(a)(11) of the Immigration and Nationality Act (the Act), 8 U.S.C. Sec. 1251(a)(11), for having been convicted of a narcotics offense.
 
 
 4
 On July 16, 1986, Kelly appeared with counsel before the immigration judge, where he denied deportability, and alternatively, sought eligibility for discretionary relief from deportation under section 212(c) of the Act.* Kelly's counsel conceded at the hearing that his client would not be eligible for section 212(c) relief.
 
 
 5
 At a reconvened hearing on September 25, 1986, Kelly's counsel again conceded that Kelly would not be eligible for discretionary relief because he was admitted to the United States for permanent residence on March 4, 1980, and thus, at the time of the deportation hearing in July 1986, did not have seven years domicile necessary to make such an application. Kelly conceded at the hearing that he was not a United States citizen, that he was an alien, and that he was convicted of possessing fifty-nine to sixty pounds of marijuana. Kelly's conviction records were admitted into evidence at the hearing. The judge therefore found that, based upon Kelly's own admissions, he was deportable as charged, and ordered his deportation to Jamaica. The judge noted that he did not have jurisdiction to address Kelly's contention that the seven-year requirement of Sec. 212(e) violated the Constitution. Accordingly, the immigration judge issued an order of deportation.
 
 
 6
 Kelly appealed the order of deportation, contending that Sec. 212(c) of the Act violates the due process clause. The Board of Immigration Appeals (BIA or Board) dismissed the appeal, noting that it did not have jurisdiction to rule upon the constitutionality of the statute it administers.
 
 
 7
 Kelly petitioned this Court for review of the Board's decision, contending that Sec. 212(c), of the Act, 8 U.S.C. Sec. 1182(c) is unconstitutional insofar as it distinguishes between lawful permanent residents with an unrelinquished domicile of seven consecutive years and those without. Kelly does not contest the findings of the immigration judge that he should be deported in accordance with 8 U.S.C. Sec. 1251(a)(11), but contests solely the constitutionality of Sec. 212(c) of the Act, 8 U.S.C. Sec. 1182(c). The INS responds that the domicile requirement has a rational basis because it serves the legislative intent of enforcing departures and limiting the availability of extraordinary relief in cases such as this where the alien has committed a crime during a brief period of residence. We affirm the dismissal, and hold that section 212(c) of the Act is constitutional.
 
 
 8
 The BIA does not have jurisdiction to adjudicate constitutional issues. Baques-Valles v. INS, 779 F.2d 483 (9th Cir.1985). The BIA therefore properly dismissed the case. This Court has jurisdiction to review final orders of deportation for constitutional infirmities. See 8 U.S.C. Sec. 1150(a); 28 U.S.C. Ch. 158; Malek-Marzban v. INS, 653 F.2d 113 (4th Cir.1981).
 
 
 9
 The merits of Kelly's claim must therefore be examined. Although Kelly does not specifically appeal the order of deportation, it is supported by clear and convincing evidence, i.e., Kelly's admission that he had not been in the United States the requisite period, the immigration records supporting that admission, and the court records reflecting the conviction of a narcotics offense. See Woodby v. INS, 385 U.S. 276 (1966). The record clearly establishes that Kelly did not have the requisite period of continuous lawful unrelinquished domicile in the United States, see Chiravacharadhikul v. INS, 645 F.2d 248 (4th Cir.), cert. denied, 454 U.S. 893 (1981), and that he was convicted of a crime in violation of 8 U.S.C. Sec. 1251(a)(11).
 
 
 10
 Although aliens are entitled to the equal protection of the laws, Sugarman v. Dougall, 413 U.S. 634 (1973), the right of a permanent resident alien to remain in the United States has never been held to be the type of fundamental right which would subject its classification to strict judicial scrutiny. Francis v. INS, 532 F.2d 268, 272 (2d Cir.1976).
 
 
 11
 In immigration matters, policy questions are entrusted exclusively to the political branches of government, and courts have no authority to substitute their judgment for that of Congress. Fiallo v. Bell, 430 U.S. 787 (1977). Congress has plenary power to make policies and rules for exclusion of aliens. See generally Kleindienst v. Mandel, 408 U.S. 753 (1972). Cases have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the government's political departments largely immune from judicial control. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 210 (1953) (citations omitted). It is thus clear that the power over aliens is of a political character and subject only to narrow judicial review of rules that often would be unacceptable if applied to citizens. See Hampton v. Mow Sun Wong, 426 U.S. 88, 101 n. 21 (1976), citing Fong Yue Ting v. United States, 149 U.S. 698 (1893); see also Mathews v. Diaz, 426 U.S. 67, 80 (1976).
 
 
 12
 The section 212(c) waiver provision was intended to prevent deportation of aliens who were longtime residents of the United States. See C. Gordon and H. Rosenfield, Immigration Law and Procedure, Vol. 2 at 7-40 (1986). The requirement that an alien applying for such relief have a lawful unrelinquished domicile of seven consecutive years in the United States is rationally related to that legitimate objective. Moreover, the Congressional decision not to authorize immigration judges to consider discretionary applications from aliens with less than the required period of domicile is not subject to judicial probing and testing of the justifications for the legislative decision. See Fiallo v. Bell, 430 U.S. at 799. In any event, section 212(c) does not provide an indiscriminate waiver for all who establish statutory eligibility for such relief. Chiravacharadhikul, 645 F.2d at 249. It is properly within the Attorney General's discretion to determine persons entitled to waiver under Sec. 212(c).
 
 
 13
 We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Section 212(c) of the Act, 8 U.S.C. Sec. 1182(c), provides:
 Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1) through (25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title.