947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Koya OLATUNJI, Alh-uzc-hcu, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-1518.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1991.
Decided Nov. 7, 1991.
As Amended Nov. 21, 1991.
 
 On Petition for Review of an Order of the Board of Immigration Appeals (A23-510-259)
 Koya Olatunji, petitioner pro se.
 Mark Christopher Walters, Stewart Deutsch, David John Kline, Robert Leigh Bombaugh, United States Department of Justice, Washington, D.C., for respondent.
 BIA
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Koya Shitta Ademoluyi Olatunji, a Nigerian national, appeals from a final decision of the Board of Immigration Appeals ordering his deportation. We affirm.
 
 
 2
 Olatunji entered the United States on March 27, 1982, as a nonimmigrant student. He became a lawful permanent resident on December 30, 1983. On June 8, 1989, he was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy, 18 U.S.C. § 371, mail fraud, 18 U.S.C. § 1341, making false statements to a government agency, 18 U.S.C. § 1001, and making false statements in an immigration application, 18 U.S.C. § 1546. The district court denied Olatunji's motion for a judicial recommendation against deportation, 8 U.S.C. § 1251(b).
 
 
 3
 On March 9, 1990, the Immigration and Naturalization Service ("INS") issued an order to show cause ("OSC") charging Olatunji with deportability under 8 U.S.C. §§ 1251(a)(4) and (5), based upon his prior convictions. At a telephonic hearing before Immigration Judge Bruce M. Barrett, Olatunji's counsel conceded deportability and conceded the absence of any available statutory relief. Accordingly, Judge Barrett ordered Olatunji's deportation to Nigeria.
 
 
 4
 Olatunji filed a timely notice of appeal from Judge Barrett's decision with the Board of Immigration Appeals ("BIA"). The INS moved, pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), to dismiss the appeal on the basis that Olatunji had failed to set forth in his notice the reasons for his appeal. Though Olatunji was given several extensions of time within which to file a brief, he never did so. While the BIA tacitly denied the INS's motion and reviewed the appeal on the merits, it nonetheless dismissed the appeal finding no error in the prior proceedings. Olatunji then filed a timely notice of appeal with this Court.
 
 
 5
 This Court's review is limited to solely those issues which were presented on appeal to the BIA; as to all other issues, Olatunji has waived his right to review by failing to exhaust his administrative remedies. Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir.1990). Olatunji clearly presented only one claim to the BIA, namely whether deportability had been shown. Nonetheless, the BIA considered additional claims by Olatunji in rendering its final order. The BIA's order states "[o]n appeal the respondent challenges the actions of his counsel at the deportation hearing and maintains that counsel impermissibly conceded deportability and improperly neglected to request suspension of deportation." The BIA then concluded that these claims lacked merit. Because the BIA actually considered these claims in resolving the appeal they are exhausted and subject to review by this Court as well.
 
 
 6
 Olatunji contends that he never authorized his attorney to concede deportability or to deny any right to suspension of deportation. Even assuming the veracity of this claim, Olatunji's underlying claims are without merit.
 
 
 7
 Olatunji does not contest the fact of his criminal convictions under 18 U.S.C. §§ 1341 and 1546. The conviction under § 1546 is, by itself, sufficient to render Olatunji deportable. 8 U.S.C. § 1251(a)(5) (current version at 8 U.S.C. § 1251(a)(3)(B)(iii)). Thus, regardless of whether Olatunji had discussed it with him, counsel had no alternative but to concede deportability in light of Olatunji's conviction.
 
 
 8
 Suspension of deportation was likewise unavailable. Under 8 U.S.C. § 1254(a)(2) suspension of deportation may be granted to a person otherwise deportable under § 1251(a)(5) who can demonstrate that he has been continuously present in the U.S. for ten years immediately following the act rendering him deportable, that during those ten years he was of good moral character, and that deportation would constitute an "exceptional or extremely unusual hardship" to the deportee or his family. Conviction of a crime of moral turpitude during the ten year period precludes a finding of good moral character. 8 U.S.C. §§ 1101(f)(3), 1182(a)(9). Suspension was unavailable in Olatunji's case for two reasons: he had not been present in the United States for ten years following his conviction under 18 U.S.C. § 1546, and because mail fraud is a crime of moral turpitude, Humboldt Oil Co. v. Exxon Co., U.S.A., 695 F.2d 386, 389 (9th Cir.1982), Olatunji would be precluded from showing good moral character. Consequently, counsel had no alternative but to concede that there were no grounds for suspension of deportation.
 
 
 9
 Waiver of deportation was also unavailable. Under § 1182(c) deportation may be waived, in the discretion of the Attorney General, provided that the ground for deportation is also a ground which would have made the alien excludable upon initial entry into the United States.* In this case Olatunji is deportable because of his conviction under 18 U.S.C. § 1546, which prohibits the obtaining of a visa by fraud. An alien is rendered excludable under § 1182(a)(19) if he has obtained a visa by fraud or by willfully misrepresenting a material fact. Thus the first requirement for relief under § 1182(c), a ground for excludability under § 1182(a) analogous to the ground for deportation, has been met. However, § 1182(c) imposes the additional requirement that the alien have been admitted as a lawful permanent resident for seven years. It is insufficient that the alien may have been residing in the United States for more than seven years; the statute only begins to run upon the granting of permanent resident status. Chiravacharadhikul, 645 F.2d at 249-51. Olatunji did not become a lawful permanent resident of the United States until December 30, 1983, and had therefore been convicted, sentenced, and ordered deported before seven years as a permanent resident had elapsed. Consequently, waiver of deportation was precluded.
 
 
 10
 The BIA properly found that Olatunji was deportable and that grounds for relief from deportation were unavailable. In light of this finding, the BIA's conclusion that counsel's concession in these areas was not prejudicial to Olatunji was likewise correct. These were the only issues before the BIA and therefore the only issues properly before us. Accordingly, the decision of the BIA ordering Olatunji's deportation is affirmed.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 While on its face § 1182(c) applies only to exclusion of returning permanent residents, it has been held to be equally applicable to permanent residents who have never left the United States provided that the ground for deportation is also one for exclusion. See Chiravacharadhikul v. INS, 645 F.2d 248, 248 n. 1 (4th Cir.), cert. denied, 454 U.S. 893 (1981); Francis v. INS, 53 F.2d 268, 273 (2d Cir.1976)