67 F.3d 296
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret Angella SHELTON, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2361.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided Sept. 25, 1995.
 
 Donald D. Hecht, Baltimore, Maryland, for Petitioner. Frank W. Hunger, Assistant Attorney General, David V. Bernal, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
 Before HALL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Margaret Angella Shelton appeals from the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen and remand deportation proceedings so that she could apply for discretionary waiver relief pursuant to 8 U.S.C.A. Sec. 1182(c) (West Supp.1994). Our review of the administrative record discloses no reversible error below. We affirm.
 
 
 2
 Shelton is a native and citizen of Jamaica. She entered the United States in December 1984 as an immigrant, and subsequently was convicted of several criminal offenses. The Immigration and Naturalization Service ("INS") commenced deportation proceedings against Shelton in September 1990 under 8 U.S.C.A. Sec. 1251(a)(2)(B)(i) (West Supp.1994). The INS charged Shelton with being subject to deportation because she was convicted of a law relating to a controlled substance. At Shelton's deportation hearing, the immigration judge ("IJ") found Shelton deportable and denied her applications for withholding of deportation under 8 U.S.C.A. Sec. 1253(h) (West Supp.1994) and asylum under 8 U.S.C.A. Sec. 1158 (West Supp.1994). Shelton appealed the IJ's denial of her asylum application to the BIA in April 1991. In December 1992, while the appeal to the BIA was pending, Shelton filed a motion to remand her case to the IJ so she could apply for a waiver of deportation under 8 U.S.C. Sec. 1182(c).[1]
 
 
 3
 The BIA dismissed Shelton's appeal from the denial of her application for asylum and denied her motion to remand. Shelton appeals from the BIA's denial of her motion to remand.
 
 
 4
 We review the denial of a motion to reopen for abuse of discretion. INS v. Abudu, 485 U.S. 94, 104-05 (1988); M.A. v. INS, 899 F.2d 304, 307-10 (4th Cir.1990) (en banc). The BIA can deny a motion to reopen for any of three reasons: first, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought; second, it may hold that the movant has not introduced previously unavailable, material evidence; finally, in cases in which the ultimate grant of relief is discretionary, as in waiver of deportation cases,[2] the BIA may avoid the above two threshold concerns, and determine that even if they were met, the movant would not be entitled to the discretionary grant of relief. Abudu, 485 U.S. at 104-05; see INS v. Rios-Pineda, 471 U.S. 444, 449 (1985).
 
 
 5
 The BIA denied Shelton's motion to remand in the exercise of discretion because Shelton's criminal record included a conviction for an aggravated felony under the Act (drug trafficking), a conviction for smuggling aliens, and a conviction for violating probation. The BIA concluded that Shelton's record revealed a "blatant disregard for the law of the United States," which weighed heavily against a favorable exercise of discretion on the motion. The BIA further noted that Shelton had submitted only her application and affidavit in support of her motion to reopen for waiver purposes and did not offer any supporting documentary evidence. Finally, the BIA found that the record did not satisfy it that there was a likelihood of success on the merits. We find the BIA did not abuse its broad discretion in finding that Shelton would not succeed on the merits of her waiver request and in denying her motion to reopen and remand the deportation proceedings.
 
 
 6
 Therefore, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although the section seems to apply only to those returning to the United States, it has been interpreted to also apply to qualified permanent residents who have not departed. Vargas v. U.S. Dep't of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987); Chiravacharadhikul v. INS, 645 F.2d 248, 249 n. 1 (4th Cir.), cert. denied, 454 U.S. 893 (1981)
 
 
 [2]
 Decisions to grant waivers of deportation are committed the discretion of the Attorney General or her delegates, the immigration judge, and the Board of Immigration appeals. Casalena v. INS, 984 F.2d 105, 106 (4th Cir.1993)