Enrique Valentin Oviedo
MELIAN, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 91–5195.

United States Court of Appeals,
Eleventh Circuit.

April 8, 1993.

---

* Senior U.S. Circuit Judge Thomas A. Clark has elected to participate in further proceedings pursuant to 28 U.S.C. § 46(c).

Enrique Valentin Oviedo Melian, pro se.

Teofilo Chapa, Miami, FL, for petitioner.

Donald A. Couvillon and Richard M. Evans, Office of Immigration Litigation, Civ. Div., Washington, DC, Lisa Dornell and Robert Kendall, U.S. Dept. of Justice, Washington, DC, for respondent.

Before KRAVITCH and BIRCH, Circuit Judges, and CLARK, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Petitioner Enrique Valentin Oviedo Melian appeals from a decision of the Board of Immigration Appeals (BIA) upholding an immigration judge's order that he be deported. We affirm the judgment of the BIA.

## I.

Petitioner is a citizen of the Dominican Republic. He entered the United States on October 22, 1978, on a "B–2" visa as a temporary visitor for pleasure. *See* 22 C.F.R. § 41.12 (1978). He did not become a permanent resident of the United States, or immigrant, until June 24, 1982.[1]

In 1986, petitioner was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1982) (currently codified at 21 U.S.C. § 841(a)(1) (1988)), and placed on probation. Because an alien who commits a controlled substance offense while in the United States may be deported, 8 U.S.C. § 1251(a)(11) (1982) (codified as amended at 8 U.S.C. § 1251(a)(2)(B) (1988 Supp. III 1991)), on May 28, 1987, the Immigration and Naturalization Service (INS) initiated deportation proceedings against petitioner by issuing an order for him to show cause why he should not be deported (Show Cause Order). An immigration judge subsequently found petitioner to be deportable. The BIA issued its final determination affirming the immigration judge's order on November 21, 1990.

Petitioner concedes on appeal that his criminal conviction renders him deportable under 8 U.S.C. § 1251(a)(11). He seeks, therefore, a discretionary waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988). Section 212(c) vests in the Attorney General the discretion to admit into the United States "[a]liens lawfully admitted for permanent residence" who seek to return from abroad, if the United States previously had been their "lawful unrelinquished domicile of seven consecutive years." *Id.*[2] Although by its terms this statute pertains only to aliens seeking to reenter the country, it has been interpreted as also authorizing relief from deportation for aliens who lawfully have been domiciled in the United States for at least seven consecutive years. *See, e.g., Tapia–Acuna v. INS,* 640 F.2d 223, 224 (9th Cir. 1981); *Carrasco–Favela v. INS,* 563 F.2d 1220, 1221 (5th Cir.1977).[3] Petitioner contends that he was lawfully domiciled in this country for more than seven years. Accordingly, he claims he should be allowed to petition for discretionary relief from deportation.[4]

## II.

Whether petitioner is eligible for section 212(c) relief depends on what triggers and what terminates "lawful domicile." The INS argues that petitioner's lawful domicile commenced on June 24, 1982, when he obtained permanent resident status, and ended on May 28, 1987, when it issued to petitioner the Show Cause Order. If the INS is correct as to both dates, then petitioner was lawfully domiciled in the United States for less than five years and is not

---

1. Petitioner was granted immigrant status as the unmarried son of a lawful resident alien. *See* 8 U.S.C. § 1153(a). He is now married to an American-born wife, and their child is American-born as well.

2. The section provides in relevant part:
   Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....

8 U.S.C. § 1182(c).

3. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as circuit precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

4. In effect, petitioner seeks from us only temporary relief from deportation. Even if we were to grant him relief today, he still would not be guaranteed an ultimate waiver of deportation under section 212(c).

eligible for relief under section 212(c). Petitioner argues that his lawful domicile began on October 22, 1978, when he entered the United States, and did not end until November 21, 1990, when the BIA issued its final determination of deportation. If petitioner is correct as to either date, then he was lawfully domiciled in the United States for more than seven consecutive years, and is eligible for discretionary relief from the Attorney General.[5]

## A.

The Immigration and Nationality Act does not define "lawful domicile." "Domicile" is, however, a concept widely used in other areas of law. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 43, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989) (interpreting the Indian Child Welfare Act of 1978, 92 Stat. 3069, 25 U.S.C. §§ 1901–63). It is generally understood to mean the place where an individual establishes both physical presence and an intent to remain indefinitely. *See, e.g., id.; Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939) (estate taxation); *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.) (federal civil jurisdiction based on diversity of citizenship), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); Russell J. Weintraub, Commentary on the Conflict of Laws 14–18 (2d ed. 1980) (conflict of laws); Black's Law Dictionary 435 (5th ed. 1979).

Nothing in the Immigration and Nationality Act suggests that Congress intended to depart from this time-tested definition when it enacted section 212(c). To the contrary, requiring an alien seeking extraordinary relief from deportation to establish sustained, continuous, and lawful physical presence and intent to remain in this country is perfectly consistent with the purpose of section 212(c): to provide an opportunity for relief from the harsh sanction of deportation for those aliens who are likely to have developed strong ties to this country. *See, e.g.,* S.Rep. No. 1515, 81st Cong., 2d Sess. 383 (1950); S.Rep. No. 355, 63d Cong., 2d Sess. 6 (1914) ("[I]t seems only just and humane ... to permit the readmission to the United States of aliens who have lived here for a long time and whose exclusion ... would result in peculiar or unusual hardship."); *Castillo–Felix v. INS,* 601 F.2d 459, 465 (9th Cir.1979); *Lok v. INS,* 548 F.2d 37, 41 (2d Cir.1977) (*Lok II*); Mark A. Hall, Comment, *Lawful Domicile Under Section 212(c) of the Immigration and Nationality Act,* 47 U.Chi. L.Rev. 771, 791 (1980). Several courts have applied the commonly used definition of domicile to section 212(c). *Lok v. INS,* 681 F.2d 107, 109 (2d Cir.1982) (*Lok III*), *aff'g,* 18 I & N Dec. 101, 108 (BIA 1981); *Anwo v. INS,* 607 F.2d 435, 437 (D.C.Cir. 1979); *Castillo–Felix,* 601 F.2d at 464; *see* 2 Charles Gordon & Stanley Mailman, Immigration Law & Procedure § 74.02[3][b], at 74–77 (rev. ed. 1992); *see also Carrasco–Favela,* 563 F.2d at 1222 (holding that whether alien abandoned domicile for purposes of section 212(c) turns on whether alien intended to remain elsewhere indefinitely) (citing, *inter alia, Mas,* 489 F.2d at 1399). We hold, therefore, that "lawful domicile" under section 212(c) means at least the simultaneous existence of lawful physical presence in the United States and lawful intent to remain in the United States indefinitely.

We say that lawful domicile means "at least" this because some courts and the BIA have held that lawful domicile does not begin until the alien obtains permanent resident status, regardless whether at some earlier time he established a lawful intent to remain indefinitely in the country. *See Michelson v. INS,* 897 F.2d 465, 469 (10th Cir.1990); *Chiravacharadhikul v. INS,* 645 F.2d 248, 250 (4th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *In re Anwo,* 16 I & N Dec. 293, 298 (BIA 1977); *In re S.,* 5 I & N Dec. 116, 118 (1953). These cases, in effect, disregard the ordinary definition of

---

**5.** If petitioner's lawful domicile commenced on October 22, 1978, then even if it terminated when the Show Cause Order was issued on May 28, 1987, he was lawfully domiciled for more than eight and a half consecutive years. Similarly, if petitioner's lawful domicile terminated on November 21, 1990, then even if it did not begin until he became a permanent resident on June 24, 1982, he was lawfully domiciled for just under eight and a half consecutive years.

domicile and hold that "lawful domicile" in section 212(c) is simply a synonym for "permanent residence." We need not choose between this interpretation and the one outlined above, however, because even under the more permissive approach discussed above, petitioner's lawful domicile did not commence until June 24, 1982, when he became a permanent resident of the United States. *See Anwo,* 607 F.2d at 437.[6]

Petitioner established a lawful physical presence in the United States on October 22, 1978, when he entered the country on a proper B–2 visa. He did not establish a *lawful* intent to remain in the country indefinitely, however, until he was granted permanent resident status. For an alien's domicile to be considered "lawful," he must at least comply with this country's immigration laws. *Lok III,* 681 F.2d at 109. The Immigration and Nationality Act expressly requires that an alien admitted on a B–2 visa have "a residence in a foreign country which he has no intention of abandoning and [that he be] visiting the United States temporarily for business or temporarily for pleasure." 8 U.S.C. § 1101(a)(15)(B). In other words, to be a lawful B–2 alien, a person must have "an intent *not* to seek domicile in the United States." *Elkins v. Moreno,* 435 U.S. 647, 666, 98 S.Ct. 1338, 1349, 55 L.Ed.2d 614

(1978) (emphasis added). Thus, "[i]f aliens are here for a temporary purpose, they cannot establish domicile. Conversely, if they intend to stay, they violate the terms of their admission and are no longer here lawfully." *Castillo–Felix,* 601 F.2d at 464. As such, time spent in this country on a B–2 visa does not count toward the seven years of lawful domicile required for relief under section 212(c). *See Prichard–Ciriza v. INS,* 978 F.2d 219, 223–24 & n. 7 (5th Cir.1992); *Brown v. United States,* 856 F.2d 728, 731 (5th Cir.1988) (holding that alien on student visa could not lawfully possess intent to be domiciled in the United States); *Anwo,* 607 F.2d at 437–38 n. 8 (same); *Castillo–Felix,* 601 F.2d at 464.

Because petitioner entered the United States in October 1978 on a B–2 visa, his lawful domicile did not commence at that time. He has not shown that his legal status changed prior to his becoming a permanent resident in June 1982 so as to render lawful his intent to remain in the United States.[7] We conclude, therefore, that the Board of Immigration Appeals correctly held that petitioner's lawful domicile began on June 24, 1982.

**B.**

The immigration judge held that petitioner's lawful domicile terminated on

---

**6.** The INS urges us to adopt the more restrictive position in this case. We recognize that an interpretation by the administrative agency charged with implementing a statute is entitled to deference. *See, e.g., Caro–Galvan v. Curtis Richardson, Inc.,* 981 F.2d 501, 507 (11th Cir. 1993). The INS interpretation, however, appears to be inconsistent with the language of section 212(c), the policy underlying the section, and a holding of the Supreme Court.

In *Elkins v. Moreno,* 435 U.S. 647, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978), the Court explained in another context that Congress has allowed certain nonimmigrant aliens to adopt the United States as their lawful domicile. *Id.* at 666, 98 S.Ct. at 1349. Thus, the Court has found that lawful domicile is a broader concept than permanent residence. This conclusion is consistent with the plain language of section 212(c), which provides that for an alien to be eligible for discretionary relief from deportation, he must have been both lawfully domiciled for seven consecutive years *and* admitted for permanent residence. 8 U.S.C. § 1182(c). If law-

ful domicile were equivalent to permanent residence, then the requirement of admission as a permanent resident would be superfluous. Finally, the usual definition of domicile, rather than the more narrow definition equating lawful domicile with permanent residence, more accurately describes the persons whom section 212(c) aims to protect: aliens who likely have established close family and other ties to this country. A person who lawfully remains in this country as a nonimmigrant for ten years, for example, obtains immigrant status, and then remains another six years, may have stronger ties to this country than a person who has been here only seven years, all as an immigrant. Hall, Comment, 47 U.Chi.L.Rev. at 792. Yet under the INS interpretation, only the second person could obtain discretionary relief from deportation. This mechanical and illogical reasoning is contrary to the ameliorative purposes of section 212(c).

**7.** It is undisputed that an alien who has obtained immigrant status may lawfully intend to remain in this country.

May 28, 1987, when the INS issued the Show Cause Order in this case. *See Ballbe v. INS,* 886 F.2d 306, 309 (11th Cir.1989) (holding that lawful domicile terminates when show cause order is issued) *cert. denied,* 495 U.S. 929, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990); *Marti–Xiques v. INS,* 741 F.2d 350, 355 (11th Cir.1984) (same). Petitioner did not challenge this determination on appeal to the BIA. Hence, we are without jurisdiction to consider petitioner's claim that his lawful domicile did not end until the BIA issued its final determination of deportation. 8 U.S.C. § 1105a(c) ("An order of deportation ... shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations...."); *Perlera–Escobar v. Executive Office for Immigration,* 894 F.2d 1292, 1296 (11th Cir. 1990); *Garcia–Mir v. Smith,* 766 F.2d 1478, 1489 (11th Cir.1985).

### III.

Petitioner's lawful domicile commenced on June 24, 1982, and terminated on May 28, 1987. Accordingly, petitioner is ineligible for discretionary relief from deportation under section 212(c).

The decision of the Board of Immigration Appeals is AFFIRMED.