**Lloyd Aston GRAHAM, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION
SERVICE, Respondent.**

No. 92–3610.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant To Third
Circuit Rule 12(6)
June 15, 1993.

Decided July 12, 1993.

Stephen D. Converse, Anderson, Converse & Fennick, P.C., York, PA, for petitioner.

Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., Richard M. Evans, Asst. Director, C. William Lengacher, Carl H. McIntyre, Jr., Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent.

Before: SCIRICA, COWEN, and WEIS, Circuit Judges.

**OPINION OF THE COURT**

WEIS, Circuit Judge.

Petitioner applied for discretionary relief from an order of deportation contending that he had satisfied the statutory requirement of a seven year domicile in the United States. The Board of Immigration Appeals denied relief concluding that the seven-years could be calculated only from the date petitioner obtained permanent resident status, and therefore, the prior period when petitioner was lawfully in this country could not be used to determine eligibility. We will deny the petition for review, but on a more limited rationale than that used by the Board.

Petitioner, a citizen of Jamaica, entered the United States as a nonimmigrant, temporary worker on October 28, 1983. He was subsequently granted permanent residence as the spouse of a lawful permanent resident on December 12, 1985. He has continued to reside in the United States since that time.

On August 2, 1990, petitioner was convicted in the Common Pleas Court of York County, Pennsylvania, of possession with intent to deliver crack cocaine. Based on that conviction, the Immigration and Naturalization Service ("INS") began deportation proceedings.

At a hearing on December 19, 1991, an immigration judge found petitioner deportable under 8 U.S.C. §§ 1251(a)(2)(A)(iii) & 1251(a)(2)(B)(i). Petitioner then applied for discretionary relief under 8 U.S.C. § 1182(c). The immigration judge found that petitioner was not eligible under that provision because

he had not been a lawful permanent resident for seven years. The Board agreed with the immigration judge, and petitioner has asked for review of the Board's decision.

Petitioner contends that more than seven years elapsed from the date when he legally entered this country, and therefore, he is entitled to apply for relief under section 1182(c). Our review of this legal issue is plenary. *Tovar v. INS*, 612 F.2d 794, 797 (3d Cir.1980).

Aliens who seek admission to the United States may be excluded if they fall within any of the categories enumerated in 8 U.S.C. § 1182(a). Section 1182(c), which allows for the possible waiver of the exclusion provisions for certain aliens, provides: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General...." 8 U.S.C. § 1182(c).

Although section 1182(c) appears to apply only to exclusion proceedings, the provision has been extended to deportation proceedings when deportees meet the requirements of the statute. *See Castillo–Felix v. INS*, 601 F.2d 459, 462 (9th Cir.1979). Moreover, although the statute seems to require actual departure from the United States, the INS no longer considers that a requirement. *Id.* at 462 n. 6; *cf. Francis v. INS*, 532 F.2d 268, 273 (2d Cir.1976). In light of these "modifications," section 1182(c) now provides an avenue for discretionary relief if an alien (1) is "lawfully admitted for permanent residence" and (2) has maintained a "lawful unrelinquished domicile of seven consecutive years."

In this case, petitioner clearly satisfies the first requirement of lawful admission for permanent residence. The question is whether he has maintained a lawful domicile in the United States for seven years.

The Immigration and Nationality Act does not define the term "lawful domicile", but it is used in other areas of law. The Supreme Court has commented that "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989) (interpreting the Indian Child Welfare Act of 1978). Applying that reasoning to section 1182(c), the Court of Appeals for the Eleventh Circuit held that domicile means "at least the simultaneous existence of lawful physical presence in the United States and lawful intent to remain in the United States indefinitely." *Melian v. INS*, 987 F.2d 1521, 1524 (11th Cir.1993). Although these general qualifications are not complex, the Courts of Appeals are divided on the application of section 1182(c)'s lawful domicile requirement.

For some forty years, the Board has consistently held that an alien's lawful domicile begins to accrue only after lawful admission to this country for permanent residence, despite any earlier stay under some type of temporary admission, for example, as a nonimmigrant foreign government employee. Two Courts of Appeals have accepted that interpretation. *See Chiravacharadhikul v. INS*, 645 F.2d 248, 250 (4th Cir.1981); *Castillo–Felix*, 601 F.2d at 467.

In contrast, in *Lok v. INS*, 548 F.2d 37, 39–41 (2d Cir.1977) (*Lok I*), the Court of Appeals for the Second Circuit expressly rejected the INS interpretation. That Court found that the Board's interpretation is not reasonable because the plain language of section 1182(c) states two separate requirements, the legislative history supports the independence of those grounds, and the agency's position frustrates congressional intent. *Id.* The Court thus concluded that "it is possible for aliens to possess a lawful domicile in this country without being admitted for permanent residence." *Id.* at 40. However, in *Lok v. INS*, 681 F.2d 107, 109 (2d Cir.1982) (*Lok II*), the Court clarified that lawful domicile is established only when the intent to remain is legal under the immigration law.

Like other Courts of Appeals, we may resolve the question in this case without choosing between the conflicting interpretations.

Petitioner did not become a permanent resident until December 12, 1985, and thus had less than the required seven years.[1] To establish the necessary period of lawful domicile, petitioner contends that the two years he spent in the United States as a nonimmigrant, temporary worker should be counted. However, as noted earlier, establishing a domicile requires an intent to remain in the country. Like temporary visitor-for-pleasure visas and student visas, temporary worker visas require that the holder have "a residence in a foreign country which he has no intention of abandoning." 8 U.S.C. § 1101(a)(15)(H)(ii); see H.R.Rep. No. 1365, 82d Cong., 2d Sess., reprinted in 1952 U.S.C.C.A.N. 1653, 1697–98; see also Melian, 987 F.2d at 1525 (temporary visitor-for-pleasure visa requires maintenance of foreign domicile); Brown v. INS, 856 F.2d 728, 731 (5th Cir.1988) (student visa requires maintenance of foreign domicile); Anwo v. INS, 607 F.2d 435, 437 (D.C.Cir.1979) (student visa requires maintenance of foreign domicile); Lok II, 681 F.2d at 109 n. 3 (acknowledging that a person with a student visa may not lawfully form the intent to remain in the United States); Richard D. Steel, Steel on Immigration Law § 12.02(h), at 12–20 & n. 69 (2d ed. 1992); Charles Gordon & Stanley Mailman, 3 Immigration Law and Procedure § 74.02[3][b][v], at 74–45 to 74–48 (1993).

If petitioner complied with the terms of his temporary worker visa, then he could not have had the intent necessary to establish a domicile in this country. On the other hand, if he did plan to make the United States his domicile, then he violated the conditions of his visa and his intent was not lawful. Under either scenario, petitioner could not establish "lawful domicile" in the United States while in this country on a nonimmigrant, temporary worker visa.

Because time spent in the United States under a temporary worker visa may not be used to satisfy the seven-year "lawful domicile" requirement in section 1182(c), petitioner is not eligible to apply for discretionary relief from deportation. Accordingly, we will deny petition for review.

---

1. We have held that an alien's status changes when he "becomes subject to an administrative final deportation order." Katsis v. INS, No. 91–3858, slip op. at 22, 972 F.2d 1331 (Table) (3d Cir.1993). Even under that holding, petitioner's lawful residence terminated when the Board issued its order on September 17, 1992.