15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jamshid KAMALI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1993.*
Decided Jan. 10, 1994.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Jamshid Kamali appeals the BIA's refusal to vacate the order of deportation issued against him and the denial of discretionary relief under 8 U.S.C. Sec. 1182(c) (section 212(c)).
 
 
 3
 Jamshid Kamali is a native and citizen of Iran. He entered the United States on a visitor's visa on October 27, 1978. On February 16, 1980, he married a United States citizen. On June 30, 1980, his wife filed an immediate relative visa petition on his behalf, and on the same date he filed an application to change his status to lawful permanent resident. The visa petition was granted on December 11, 1980, and Kamali was granted permanent resident status on February 26, 1981.
 
 
 4
 On April 12, 1984, Kamali was convicted in California Superior Court of offering to sell and conspiracy to sell heroin, and sentenced to five years and four months in prison.
 
 
 5
 On December 6, 1986, the INS issued a Show Cause order charging that Kamali's conviction made him deportable under 8 U.S.C. Sec. 1251(a)(11). At his hearing, Kamali claimed he was eligible for discretionary relief under section 212(c). On August 7, 1987, the IJ denied the section 212(c) claim on the grounds that Kamali was statutorily ineligible for discretionary relief because he had not accumulated seven years of "lawful domicile" in the United States. Kamali argued that the seven-year period should be counted from the date of his marriage, or, at the latest, from the date he filed his application for permanent resident status (under either method of counting, he had the requisite seven years). Based on Castillo-Felix v. INS, 601 F.2d 459 (9th Cir.1979), the IJ held that the period should be counted from the date on which he was granted permanent resident status: February 26, 1981. Because seven years from that date had not elapsed, the IJ held Kamali ineligible for relief under section 212(c), and ordered him deported to Iran.
 
 
 6
 Kamali appealed, and the BIA affirmed.
 
 DISCUSSION
 
 7
 We review the BIA's legal interpretation of section 212(c) de novo. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992).
 
 
 8
 Castillo-Felix held that to be eligible for section 212(c) relief, aliens "must accumulate seven years of lawful unrelinquished domicile after their admission for permanent residence." 601 F.2d at 467 (emphasis added). At the time of the IJ's decision (on August 7, 1987), Kamali had accumulated only six and one-half years of unrelinquished domicile after his admission for permanent residence (on February 26, 1981).
 
 
 9
 We further note that even under Kamali's proposed, broader definition of "domicile", accrual of time would not have commenced until December 11, 1980, when he was granted an immediate relative visa (the IJ found that Kamali was an overstayed visitor in the country illegally until that date).[1] Counting from December 11, 1980, Kamali would still have had only six years and eight months of lawful domicile at the time of the IJ's decision.
 
 
 10
 The BIA correctly found Kamali statutorily ineligible for a discretionary waiver of deportation under section 212(c).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Courts that have considered broader definitions of "domicile" in the section 212(c) context have required both "lawful physical presence ... and lawful intent to remain in the United States indefinitely." Melian v. INS, 987 F.2d 1521, 1524-25 (11th Cir.1993); see also Lok v. INS, 681 F.2d 107, 109-110 (2d Cir.1982)