34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Klenny Delourdes UMANA, Petitioner-Appellant,
v.
DEPARTMENT OF JUSTICE; Immigration and Naturalization
Service, Respondents-Appellees.
 No. 94-5169.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Klenny Delourdes Umana appeals pro se from a district court judgment that dismissed her petition for a writ of habeas corpus and a waiver of deportation filed under 28 U.S.C. Sec. 2241 and 8 U.S.C. Sec. 1182(c). Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Umana is a native of Nicaragua who entered this country on July 23, 1990. On February 1, 1991, Umana was sentenced to 63 months of imprisonment and 4 years of supervised release after pleading guilty to possessing cocaine for intended distribution. The Immigration and Naturalization Service subsequently determined that Umana should be excluded from the United States under Sec. 212(a)(23) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(a)(23).
 
 
 4
 In her petition, Umana alleged that she was entitled to a discretionary waiver of deportation under Sec. 212(c) of the Act, 8 U.S.C. Sec. 1182(c), and that the decision to deport her violated her right to equal protection. On January 24, 1994, the district court adopted a magistrate judge's report and dismissed the case under 28 U.S.C. Sec. 1915(d). It is from this judgment that Umana now appeals.
 
 
 5
 A complaint may be dismissed under Sec. 1915(d) if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The district court did not abuse its discretion by dismissing Umana's complaint because her claims clearly lack an arguable basis in law. This is so because the district court lacked jurisdiction to review Umana's Sec. 212(c) claim and because Umana does not meet the seven-year residency requirement for a discretionary waiver of deportation under that section.
 
 
 6
 The district court's habeas corpus jurisdiction did not extend to Umana's case because she did not challenge the validity of her criminal conviction or sentence and because she was not in the custody of the INS when her petition was filed. See Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir.1990), cert. denied, 498 U.S. 1092 (1991). Moreover, the district court's jurisdiction over causes that arise under subchapter 2 of the Immigration and Nationality Act does not include final orders of deportation. Foti v. INS, 375 U.S. 217, 230-32 (1963). The United States Courts of Appeals now have sole and exclusive jurisdiction to review all final orders of deportation. 8 U.S.C. Sec. 1105a(a); see also Dokic v. INS, 899 F.2d 530, 532 (6th Cir.1990) (per curiam). Therefore, the dismissal of Umana's case was appropriate because the district court did not have jurisdiction over her Sec. 212(c) claim.
 
 
 7
 The district court also properly determined that Umana's claim lacked an arguable basis in law because she had not been a lawful resident of the United States for a long enough time to qualify for a waiver of deportation. An individual must be a lawful permanent resident of the United States for seven consecutive years in order to qualify for a waiver of deportation under Sec. 212(c). Graham v. INS, 998 F.2d 194, 195 (3d Cir.1993); Melian v. INS, 987 F.2d 1521, 1523 (11th Cir.1993). In her petition, Umana states that she arrived in the United States on July 23, 1990, and that she had become a permanent resident of the United States as of February 8, 1990. Thus, it is clear from the face of Umana's own pleading that she does not qualify for a waiver of deportation under Sec. 212(c). See Graham, 998 F.2d at 196; Melian, 987 F.2d at 1526. Umana now argues that she would suffer a hardship if she were deported because all of her family members live in the United States and because she has been offered a job after her release from prison. However, we will not reach these arguments because Umana has not satisfied the threshold test of establishing an unrelinquished domicile in the United States for seven consecutive years.
 
 
 8
 We also note that Umana has abandoned any claim based on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution that might be gleaned from a liberal reading of her petition, by failing to raise such a claim in her brief on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation