Alfredo A. KOLSTER, Petitioner

v.

John ASHCROFT, Attorney General, Department of Justice; James W. Ziglar, Commissioner, Immigration and Naturalization Service; Steven J. Farquharson, District Director, Immigration and Naturalization Service, Respondents

No. CIV. A. 97–11079–GAO.

United States District Court, D. Massachusetts.

Feb. 25, 2002.

was available to aliens who had accrued seven years of "unrelinquished domicile" in the United States and who had become permanent residents at some point during those seven years. The INS counters that under the statute and regulations then in effect, § 212(c) relief was only available to aliens who had been permanent residents in the United States for seven consecutive years.

For the reasons discussed below, this Court concludes that Kolster is eligible for consideration under former § 212(c), and the matter is remanded to the INS for that purpose.

### A. Summary of Facts

The underlying facts are not in dispute. Kolster lawfully entered the United States from Venezuela in 1980 in order to attend high school in New York. He remained in the United States through high school and college, graduating from Boston University in 1988. On September 11, 1988, after a brief visit to Venezuela, Kolster re-entered the United States on a "G" visa as an immediate family member of an international organization employee (his mother worked for the Pan–American Health Organization). *See* 8 U.S.C. § 1101(a)(15)(G)(i). On August 24, 1989, Kolster became a lawful permanent United States resident, and he has lived in the United States continuously since he reentered the country on September 11, 1988.

In 1992, Kolster pled guilty in this Court to conspiracy to possess cocaine with intent to distribute. He was sentenced to twenty-four months imprisonment. His conviction qualified as an "aggravated felony" for which Kolster could be deported. 8 U.S.C. § 1101(a)(43) (1992). The INS moved to deport him, and at his deportation hearing, Kolster conceded that he was deportable, but requested a waiver of de-

Richard L. Iandoli, Iandoli & Assoicates, Boston, MA, Lee Gelernt, American Civil Liberties Union Foundation, Immigrants' Rights Project, New York, NY, for Alfredo A. Kolster, Petitioner.

Papu Sandhu, Office of Immigration Litigation, Civil Division, DOJ, Washington, DC, Karen Ann Hunold, U.S. Department of Justice, Office of Immigration Litigation, Frank Crowley, Immigration & Naturalization, Special Assistant U.S. Attorney, Boston, MA, for John Ashcroft, Attorney General, Doris Meissner, Commissioner of Immigration and Naturalization Service, Immigration & Naturalization, Department of Justice, Respondents.

### MEMORANDUM AND ORDER

O'TOOLE, District Judge.

Alfredo A. Kolster filed a petition for habeas corpus claiming that the Immigration and Naturalization Service ("INS") erred when it determined that he was ineligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). Kolster argues that at the time the INS ordered his deportation, § 212(c) relief

portation pursuant to § 212(c), which then provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . .

8 U.S.C. § 1182(c) (1994). Although the terms of the provision appear to pertain only to aliens seeking to reenter the country, § 212(c) has long been used to grant discretionary relief from deportation for aliens who met its requirements. *See United States v. Vieira–Candelario,* 6 F.3d 12, 13 (1st Cir.1993). The immigration judge presiding over Kolster's deportation proceedings pretermitted Kolster's request for § 212(c) relief because he had not held the status of permanent resident for seven consecutive years and ordered Kolster deported to Venezuela. The Board of Immigration Appeals ("BIA") affirmed and finalized the deportation order on January 30, 1996. At the time his deportation became final, Kolster had only been a permanent resident for about six and a half years. He had also been in the United States for approximately one year on his G visa. If the two periods are added together—the eleven months he was lawfully admitted under the G visa and the six-plus years he was a lawful permanent resident—he would qualify for relief under § 212(c). However, the INS contends that only the latter period could be considered.

Kolster appealed his deportation order to the Court of Appeals, but while his appeal was pending, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 440(a) of AEDPA provided that a "final order of deportation" against an alien who is deportable by reason of having committed certain criminal offenses could not be reviewed by any court. Another provision of AEDPA, § 440(d), precluded aliens convicted of certain criminal offenses from applying for discretionary relief under § 212(c).[1] The Court of Appeals dismissed Kolster's appeal for lack of jurisdiction without addressing the merits. *Kolster v. Immigration and Naturalization Serv.,* 101 F.3d 785, 791 (1st Cir.1996).

Kolster then filed this habeas corpus petition. Recently, the Supreme Court has held that federal courts have jurisdiction over habeas petitions by aliens who could not have appealed their deportation orders directly to a federal court. *Immigration and Naturalization Serv. v. St. Cyr,* 533 U.S. 289, ——, 121 S.Ct. 2271, 2282, 150 L.Ed.2d 347 (2001). The Supreme Court has also determined that § 440(d) does not apply retroactively to aliens who had pled guilty to criminal offenses prior to AEDPA's enactment. *St. Cyr,* 121 S.Ct. at 2293. This Court thus may proceed to consider the merits of Kolster's argument about the availability of discretionary relief under § 212(c).

**B.** *The Seven–Year Lawful Domicile Requirement*

■ When Kolster asked to be considered for § 212(c) relief, the INS had consistently held that a person's "lawful unrelinquished domicile" should be measured from the time that person had become a permanent resident. This position was also codified by the regulations implementing § 212(c). 8 C.F.R. § 212.3(f)(2)

---

**1.** Later, § 212(c) was repealed entirely by § 304 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and replaced by a provision which allows "cancellation of removal." *See* 8 U.S.C. § 1229b. Kolster has no right to seek cancellation of his deportation under this new provision.

(1994). *See also, White v. Immigration and Naturalization Serv.*, 75 F.3d 213, 214–15 (5th Cir.1996). The respondent urges that the Court should defer to the INS's interpretation of the eligibility provision in the statute. However, under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), a court should defer to an agency's interpretation only when the statute's meaning is ambiguous. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. 2778. The language of the statute itself is the first and primary source for determining congressional intent. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (finding that "there generally is no need for a court to inquire beyond the plain language of the statute"). An agency interpretation that conflicts with the unambiguous meaning of the statute does not warrant any deference, even if that interpretation has been codified in a regulation. *See National Labor Relations Bd. v. Beverly Enterprises–Massachusetts, Inc.*, 174 F.3d 13, 22 (1st Cir.1999).

Although the First Circuit Court of Appeals has not addressed the issue, several Circuits have held that the statutory language unambiguously makes § 212(c) relief available to anyone with seven years of "lawful unrelinquished domicile" who attained legal permanent resident status some time during that period. For example, in *Castellon–Contreras v. Immigration and Naturalization Serv.*, 45 F.3d 149 (7th Cir.1995), the Seventh Circuit held that seven years of legal permanent residence is not necessary for an alien to establish seven years of lawful unrelinquished domicile for purposes of determining eligibility for § 212(c) relief. *Id.* at

154. The court defined "lawful domicile" as follows:

> Domicile ordinarily is understood to mean physical presence and the intent to remain somewhere indefinitely. Nothing indicates that Congress intended to alter this time-tested definition when it enacted § 212(c).
>
> In order to have a "lawful domicile," then, an alien must have the ability, under the immigration laws, to form the intent to remain in the United States indefinitely.

*Castellon–Contreras*, 45 F.3d at 153 (citations and internal quotations omitted). This definition is consistent with the statute's purpose of helping "aliens who are likely to have established strong ties to this country." *Id.* (citing *Melian v. Immigration and Naturalization Serv.*, 987 F.2d 1521, 1524 (11th Cir.1993)).

The Seventh Circuit's approach has been followed by at least one other Circuit. *See White*, 75 F.3d at 215. *See also Melian*, 987 F.2d at 1524–25 (outlining the approach, but finding that it did not ultimately have to decide whether the INS was incorrect because under either interpretation the alien had not achieved seven years of lawful residency). More generally, three other Circuits have agreed that seven years of lawful permanent residency is not always necessary to a finding of seven years of "lawful unrelinquished domicile." *See White*, 75 F.3d at 215; *Ortega de Robles v. Immigration and Naturalization Serv.*, 58 F.3d 1355, 1360–61 (9th Cir. 1995); *Lok v. Immigration and Naturalization Serv.*, 548 F.2d 37, 40 (2d Cir.1977). *See also Morel v. Immigration and Naturalization Serv.*, 90 F.3d 833, 840 (3d Cir.1996)(vacated due to lack of jurisdiction after passage of AEDPA), *vacated on other grounds*, 144 F.3d 248 (3d Cir.1998). Only the Fourth and the Ninth Circuits have applied the INS's more restrictive

**64**

definition. *See Chiravacharadhikul v. Immigration and Naturalization Serv.*, 645 F.2d 248, 250 (4th Cir.1981); *Castillo–Felix v. Immigration and Naturalization Serv.*, 601 F.2d 459, 465 (9th Cir.1979). But even the Ninth Circuit has not consistently adhered to the INS's preferred interpretation. *See Ortega de Robles*, 58 F.3d at 1357.

This Court agrees with those courts that have concluded that § 212(c)'s requirement of seven years of lawful unrelinquished domicile does not require seven years of legal permanent residency. A straightforward reading of § 212(c)'s language makes clear that relief is available to an alien who meets two distinct requirements: (1) he must be "lawfully admitted for permanent residence," and (2) he must have accrued a "lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c) (1994). If Congress had intended to require seven years of permanent resident status, it would have been easy to use that term specifically, rather than employing a distinct term, "lawful domicile," to express its meaning. A more faithful reading of the statute gives distinct meaning to the distinct terms employed.

Because Kolster had been lawfully domiciled in the United States for seven consecutive years, he qualifies for consideration for relief from deportation under § 212(c). The INS erred when it failed to consider his request for such relief.

## C. *Conclusion*

Kolster was improperly denied an opportunity to seek relief from deportation, and this matter is hereby remanded to the INS for evaluation of Kolster's request for § 212(c) relief.

IT IS SO ORDERED.